Zimmerman, J.
 

 These 13 appeals are from decisions of the Board of Tax Appeals. The taxpayers complain that certain sales and use taxes were illegally and wrongfully assessed against them over specified periods of time.'
 

 Seven of the taxpayers do not own and operate laundries and are engaged primarily in the linen and towel supply business.
 

 The remaining six taxpayers own and operate laundries. Of this group, three engage in supplying linens and garments for use in factories, industries, professions and businesses, but the other three are devoted to supplying garments to factories or industries only.
 

 In the first pl^ce, it is important to remember that these proceedings are governed by the laws in effect when the transactions in issue took place. Primarily involved are the interpretation and application of Sections 5546-1 and 5546-25, General Code (116 Ohio
 
 *250
 
 Laws, pt. 2, 70, 347). So much of the first-mentioned section as is pertinent provided:
 

 “ ‘Retail sale’ and ‘sales at retail’ include all sales excepting those in which the purpose of the consumer is * * * (b) to incorporate the thing transferred as a material or a part, into tangible personal property to be produced for sale by * * * processing * * or to use or consume the thing transferred directly in the production of tangible personal property for sale by
 
 *
 
 * * processing
 
 * *
 
 *; (d) or to use or consume the thing directly in industrial cleaning of tangible personal property. ’ ’
 

 That part of the statute secondly mentioned which applies read as follows:
 

 “ ‘Use’ means and includes the exercise of any right of power incidental to the ownership of the thing used, excepting as hereinafter provided.
 

 “When the purpose of the consumer is * * * (b) to incorporate j;he thing purchased as a material or a part, into tangible personal property to be produced for sale by * * * processing * * * (e) * * * or to use or consume the thing directly in industrial cleaning of tangible personal property; * * * the attainment of such a purpose shall not be considered to be a * * * ‘use,’ or a ‘consumption’ of the thing purchased, within the meaning of this act.”
 

 In approaching decisions on these controversies, certain general rules are applicable. It is expressly-stated in Section 5546-2, G-eneral Code, that “it shall be pre_sumed that all sales made in this state are subject to the tax hereby levied until the contrary is established.”
 

 Section 5546-26, General Code, recites that “it shall be presumed that tangible personal property purchased * * * for delivery in this state is purchased for * * * use, or other consumption in this state.”
 

 Moreover, it was definitely held in the case of
 
 State,
 
 
 *251
 

 ex rel. Keller,
 
 v.
 
 Forney et al., Tax Comm.,
 
 108 Ohio St., 463, 467, 141 N. E., 16, 17, that exceptions to a general law are not favored and must be strictly construed, and what is not clearly excluded from the operation of a law is clearly included therein.
 

 Tax assessments on the purchases of a great number of items of material and equipment are in issue. In arriving at its decisions, the Board of Tax Appeals took the position that the term “industrial cleaning” as used in the statute does not include the furnishing of supplies to customers, as a supply service. The board excluded from the operation of the sales and use taxes the purchases of all items which were used and consumed directly and solely in the process of cleaning, such as soap, cleansing liquid, soap powders, laundry and wash-room machinery, equipment and repairs, and things of that character. The board included as being taxable the purchases of such items as shirts, trousers, coveralls and other garments, towels, napkins, dispensers, cabinets, uniforms, and like articles, as the case may be, purchased and owned by appellants and furnished and supplied to customers for -their use and convenience.
 

 It was considered by the board that since such items were handled in a way which constituted the business of furnishing supplies to customers, and were not used or consumed directly in the cleaning process or operation itself, their purchases were not exempt from taxation under a strict construction of the applicable laws.
 

 The six taxpayers owning and operating laundries complain that the board excluded only 50 per cent of their respective purchases of coal. However, these taxpayers failed to establish their right .to have excluded more than 50 per cent of such purchases, as the records fail to disclose that any greater portions
 
 *252
 
 of the coal were used in the operation of the laundries. The burden was upon the taxpayers to produce evidence establishing the right to exemption or exclusion from taxation.
 
 East End Hospital
 
 v.
 
 Evatt, Tax Commr.,
 
 139 Ohio St., 608, 41 N. E. (2d), 569.
 

 Counsel for three of the taxpayers owning and operating plants contend that the personal property was used in “processing,” relying on
 
 France Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 143 Ohio St., 455, 55 N. E. (2d), 652, and
 
 Dye Coal Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 144 Ohio St., 233, 58 N. E. (2d), 653.
 

 Those cases and others cited by counsel for such taxpayers are on their facts easily distinguishable from the present cases since each of the former involved the production of tangible personal property for sale. In the present proceedings the tax was assessed on the purchase or use of items which were neither used nor consumed directly or indirectly in “the
 
 production
 
 of tangible personal property
 
 for sale
 
 by * * *
 
 processing
 
 * # # >>
 

 We cannot agree with counsel in their claims that “processing” applies to the entire series of operations from the collection of garments for “industrial cleaning” from the customers to the return of the garments to the customers.
 

 These 13 appeals relate to the assessment of the taxes on the purchases of numerous items, but it is not necessary to enumerate those items since each proceeding presents only questions of the application of the law to facts which are not in dispute. Under the law it is the function of this court to determine whether decisions of the Board of Tax Appeals are unreasonable or unlawful. Being of opinion that the board applied the correct principles in deciding these.controversies and reached results which are certainly not unreason
 
 *253
 
 able or unlawful, we affirm its decisions in all tbe present cases.
 

 Decisions affirmed.
 

 Weygandt, C. J., Bell, Williams, Turner, Matthias and Hart, JJ., concur.