*121
 
 Sohngen, J.
 

 In determining whether the decisions of the Board of Tax Appeals in these two cases are unreasonable or unlawful, we come to. grips with Sections 5546-1 and 5546-25, General Code.
 

 Section 5546-1 provides, in part so far as pertinent, as follows:
 

 “ ‘Retail sale’ and ‘sales at retail’ include all sales excepting those in which the purpose of the consumer is * * * to use or consume the thing transferred directly in the production of tangible personal property for sale by * * * mining * *
 

 Section 5546-25 provides, in part so far as pertinent, as follows:
 

 “ ‘Use’ means and includes the exercise of any right or power incidental to the ownership of the thing used, excepting as hereinafter provided.
 

 “When the purpose of the consumer is * * * to use or consume the thing transferred directly in the production of tangible personal property for sale by * * * mining * *
 

 The sales and use of the items of tangible personal property in question are taxable, unless they come within the statutory exceptions set out in the legislative enactments,
 
 supra,
 
 and the exceptions come into operation when the items of property concerned are used or consumed directly in the production of tangible personal property for sale, in these cases, coal. The question then presented for our consideration is the meaning of the phrase in Sections 5546-1 and 5546-25, General Code, which reads “to use or consume the thing transferred directly in the production of tangible personal property for sale by *
 
 *
 
 * mining * *
 

 In our consideration of the question, it will be helpful to point out the pertinent changes made in Section 5546-1 before its enactment in its present form. As
 
 *122
 
 originally enacted, the statutory provision was as follows:
 

 “ ‘Retail sale’ and ‘sale at retail’ include all sales excepting those in which the purpose of the consumer ■ is * * * to use or consume the thing transferred in manufacturing, retailing, processing or refining or in the rendition of a public utility service.” (115 Ohio Laws, pt. 2, 306.)
 

 The pertinent portion of the statute was later amended by the insertion of the words, “or mining,” after the word, “refining.” In 116 Ohio Laws, pt. 2, 70, the applicable part of the statute was changed to read as follows: * * to use or consume the thing transferred
 
 directly in the production of tangible personal property for sale
 
 by manufacturing, processing, refining, mining * # (Italics ours.) And so it stands today in its present form, except for minor changes not important to these appeals.
 

 So far as pertinent to these cases, Section 5546-25 reads practically the same as it did at the time of its original enactment.
 

 From the history of such statutory changes, it appears that the exception was first intended to cover certain industries. These industry-wide exceptions were finally restricted to include the sales and use of only those items of tangible personal property, in an industry, used or consumed
 
 directly
 
 in producing tangible personal property for sale.
 

 What was the legislative intent in inserting the word, “directly,” in the existing statute? In our opinion, it was intended to narrow the field of that which was excepted sales and use, namely, to change an exception from one involving property used or consumed in certain industries, to one involving property used or consumed in a certain manner by those industries. The action of the General Assembly in
 
 *123
 
 amending the section is presumed to have been made to effect some purpose.
 
 Leader
 
 v.
 
 Glander, Tax Commr.,
 
 149 Ohio St., 1, 77 N. E. (2d), 69.
 

 The Board of Tax Appeals defined the meaning of the word, ‘ ‘ directly, ’ ’ as used in the statute, as follows:
 

 ° “We believe, construing the word strictly, that it was intended that if a favored business could be prosecuted with certain personal property well recognized as indispensable and usually employed in that business or required by statutory law to be available therein, that such property was considered to be exempt in that business process; hut if other property was acquired which might facilitate that business indirectly, but could be dispensed with and the business still go forward, that such property was taxable when indirectly used to promote the enterprise.”
 

 Appellants contend that that definition is too narrow; that “mining” so far as the statutes,
 
 supra,
 
 are concerned, was defined in
 
 Dye Goal Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 144 Ohio St., 233, 58 N. E. (2d), 653; and that the sale and use of any item of tangible personal property used or consumed to further production, under the latter definition of mining, are excepted from taxation under Sections 5546-1 and 5546-25, General Code.
 

 In the
 
 Dye case,
 
 the sales of trucks used to haul coal from a stripping pit, where it was extracted from the earth, to a tipple, where it was cleaned and graded, were held excepted from tax. The contention was made in that case that the trucks were not used in mining because mining ceased at the time the coal was extracted from the earth. However, this court held that the mining process continued through the tipple operations and until the coal was ready for shipment, and that the trucks were used in mining within the meaning of the provisions of Section 5546-1. Ño ques
 
 *124
 
 tion was raised in the
 
 Dye case
 
 as to the direct use of the trucks in the production of the coal.
 

 The
 
 Dye case
 
 is not authority, as appellants contend, that the present statutory exception covers the whole mining industry. In our opinion, the crucial words in ' the statutes determining exemption are “directly in the production of tangible personal property for sale by * * * mining,” and the sales and use of only those items of tangible personal property which are used or consumed directly in the production of coal are excepted from taxes.
 

 Before appellants are entitled to have the benefit of the exception in Sections 5546-1 and 5546-25, General Code,, they must establish (1) that the operation involved is mining, as defined in the
 
 Dye case,
 
 and (2) that the items of tangible personal property, the sales and use of which are claimed to be excepted from taxation, are used or consumed directly in the mining operation.
 

 We come now to the question raised by the cross-appeal of the Tax Commissioner in cause No. 31258. It concerns certain items purchased by the coal company, the use of which items is required by the law regulating mining. As hereinbefore stated, the Board of Tax Appeals held that the sales and use of items of “wash-house,” “communicating system” and “fire protection” were held to be nontaxable because their use was required by statute, without inquiry being made as to their direct or indirect use or consumption in the production of coal.
 

 An examination of the sections,
 
 supra,
 
 shows no provision excepting the sale or use of an item from taxation because its use1 is required by law. Since the Board of Tax Appeals failed to make inquiry as to the direct use or consumption of the items in question, the board erred in holding the sales and use .of those items excepted.
 

 
 *125
 
 It is the function of this court, on appeal pursuant to Section 5611-2, General Code, to determine as a matter of law whether the Board of Tax Appeals acted unreasonably or unlawfully in its decision,
 
 i. e,
 
 to determine whether the correct principles of law were applied in a reasonable manner.
 

 In our opinion the decision of the Board of Tax Appeals in cause No. 31245 is neither unreasonable nor unlawful and is affirmed.
 

 The decision of the Board of Tax Appeals in cause No. 31258, being in error as to the exceptions from taxation involving the items of “wash-house,” “communicating system” and “fire protection” because their use was required by law, is modified to include the sales and use of such items as being taxable, and the remainder of the decision being neither unreasonable nor unlawful is affirmed.
 

 Decision affirmed in cause No. 31245.
 

 Decision modified and, as modified, affirmed in cause No. 31258.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman and Stewart, JJ., concur.