Taft, J.,
 

 dissenting in part. I concur in the first four paragraphs of the syllabus. I also concur in the fifth paragraph of the syllabus, except to the extent that it recognizes the sale of what would be commonly
 
 *247
 
 considered capital equipment as excepted' from sales and use taxes.
 

 In addition to the questions discussed in the majority opinion, I believe there is also in this case the question as to whether appellant’s purpose was “to use or consume” the various items, for the sale of which tax exception was sought, “directly in the production” within the meaning of the words of the portion of Section 5546-1, General Code, quoted at the beginning of the majority opinion. The problem is one of determining what the General Assembly intended by the-language which it used. In making that determination the language should be given its ordinary and usual meaning.
 

 The word “use” standing alone may have a very-broad meaning. Property may be used directly in the-production of other property even though that is not. its only use. The General Assembly probably did not intend to except from sales tax in such an instance. A much more complete use must have been contemplated.. If the word “use” is given a meaning analogous to-the meaning of “consume” its broad meaning would be-greatly limited. For example such a restricted meaning might be given by saying that there must be an exclusive use (See
 
 Dye Coal Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 144 Ohio St., 233, syllabus 5, 58 N. E. [2d], 563), or that, the use must be of items which are “indispensable” in. the kind of production involved and not merely “convenient or facilitative. ”
 
 Fyr-Fyter Co.
 
 v.
 
 Glander, Tax Commr.,
 
 150 Ohio St., 118, 80 N. E. (2d), 776.
 

 Some of the property for the sale of which sales-tax: exception is sought in the instant case is what is commonly referred to as capital equipment.
 

 Where certain raw materials are incorporated into-a finished product, there is no question that those raw materials are consumed or used up directly in production. As a result their full cost is considered as a part
 
 *248
 
 of the cost of that product. On the other hand, capital ■equipment is not consumed as that word is generally understood. It may be used up in the production of tangible personal property but it takes a relatively long time before it ceases to be usable in such production. As a result its full cost is not usually considered as a part of the cost of producing particular items of tangible personal property. Instead an estimate is made as to the length of the useful life of an item of capital equipment used in such production and •only a portion of its total cost is included as a part ■of the cost of producing such items of tangible personal property.
 

 Under this statute, the “purpose of the consumer” is to determine whether the sales tax shall be collected. ■Obviously the tax collector, in administering the sales-tax statutes, can be concerned conveniently with that purpose only at the time of sale. At that time it is usually easy to determine for all time whether “the purpose of the consumer is * * * to use or consume” • certain raw materials “directly in the production of tangible personal property.” On the other hand, the consumer may clearly have such a purpose with regard to capital equipment, but there is no way of :knowing whether that purpose will change before its useful life of several years has passed. It may be .argued that, if it does change, the tax collector could then seek to collect the sales tax. However, this re•quires either constant checks of the buyer’s intent or recurrent reports of that intent by the buyer. Furthermore, is the buyer to be liable for the full sales tax if the purpose changes after the useful life of the -equipment is practically over ?
 

 In view of the meaning often given to the word “ direct ” in cost accounting practice, it is doubtful whether •capital equipment could ever be said to be used or -consumed “directly” in production.
 

 
 *249
 
 The obvious purpose of this exception in the definition of “retail sale” was “to avoid a species of double taxation.” See
 
 Bailey
 
 v.
 
 Evatt, Tax Commr.,
 
 142 Ohio St., 616 at 620, 53 N. E. (2d), 812. This is specifically avoided, where a sale is made for resale, by another exception in the same definition. Where, however, a processor is involved, it is necessary to make some other provision. That was clearly the purpose of the exception in the definition of “retail sale” involved in the instant case.
 

 If that was the purpose, then it would appear that the General Assembly had in mind property used up in the production of property the sale of which would be taxed. It would be unreasonable to believe the General Assembly had in mind capital equipment which might not be used up for ten or twelve years. The word “directly” lends weight to this conclusion as does the word “consume” even though the latter word is used in the disjunctive with the word “use.”
 

 It should be noted that this court in
 
 Dye Coal Co.
 
 v.
 
 Evatt, Tax Commr., supra, France Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 143 Ohio St., 455, 55 N. E. (2d), 652, and in
 
 Bailey
 
 v.
 
 Evatt, Tax Commr., supra,
 
 held that certain items of capital equipment could be used directly in production within the meaning of the language of the exception in the definition of “retail sale” in Section 5546-1, General Code. However, it does not appear that the reasons given in this opinion as to why capita] equipment could not be so used were presented to, or considered by, this court in any of those cases or in other cases where they might have been presented. See
 
 Saunders Mills, Inc.,
 
 v.
 
 Evatt, Tax Commr.,
 
 139 Ohio St., 227, 39 N. E. (2d), 526;
 
 Pioneer Linen Supply Co. v. Evatt, Tax Commr.,
 
 146 Ohio St., 248, 65 N. E. (2d), 711; and
 
 Fyr-Fyter Co.
 
 v. Glander,
 
 supra.
 

 
 *250
 
 It is my conclusion that the intention which the Genera] Assembly expressed by the language which it used was an intention to have this exception in the definition of ‘ ‘ retail sale ’ ’ apply only to raw materials and to other property which would be used up or consumed in production in a relatively short time, but not to what is commonly known as capital equipment.
 

 For the foregoing reasons, I believe that the decision of the Board of Tax Appeals was correct so far as it related to items of. capital equipment.