Taft, J.
The question to be determined is whether specially designed trucks purchased outside Ohio by appellant solely for use in hauling gob from its coal-cleaning plant and tipple are, within the meaning of Section 5546-25, General Code, used “directly in the production of tangible personal property for sale by * * * processing, [or] mining.”
In recent years, this court has been required to determine whether, in numerous diverse factual situations, “the purpose of the consumer” was “to use * # * the thing transferred directly in the production of tangible personal property for sale by manufacturing, processing * * * mining # * * farming, agriculture * * *; or directly in making retail sales or directly in the rendition of a public utility service; * * * or to use * * the thing directly in industrial cleaning of tangible personal property,” within the meaning of those words as set forth in Sections 5546-1 and 5546-25, General Code. See, for example, Saunders Mills, Inc., v. Evatt, Tax Commr., 139 Ohio St., 227, 39 N. E. (2d), *393 526; Bailey v. Evatt, Tax Commr., 142 Ohio St., 616, 53 N. E. (2d), 812; France Co. v. Evatt, Tax Commr., 143 Ohio St., 455, 55 N. E. (2d), 652; Dye Coal Co. v. Evatt, Tax Commr., 144 Ohio St., 233, 58 N. E. (2d), 653; Pioneer Linen Supply Co. v. Evatt, Tax Commr., 146 Ohio St., 248, 65 N. E. (2d), 711; Huron Fish Co. v. Glander, Tax Commr., 146 Ohio St., 631, 67 N. E. (2d), 546; Kroger Grocery & Baking Co. v. Glander, Tax Commr., 149 Ohio St., 120, 77 N. E. (2d), 921; Fyr-Fyter Co. v. Glander, Tax Commr., 150 Ohio St., 118, 80 N. E. (2d), 776; Terteling Bros., Inc., v. Glander, Tax Commr., 151 Ohio St., 236, 85 N. E. (2d), 379; Tri-State Asphalt Corp. v. Glander, Tax Commr., 152 Ohio St., 497, 90 N. E. (2d), 366; Mead Corp. v. Glander, Tax Commr., 153 Ohio St., 539, 93 N. E. (2d), 19; Jackson Iron & Steel Co. v. Glander, Tax Commr., 154 Ohio St., 369, 96 N. E. (2d), 21; W. E. Anderson & Sons Co. v. Glander, Tax Commr., 154 Ohio St., 561, 97 N. E. (2d), 29; Crowell-Collier Publishing Co. v. Glander, Tax Commr., 155 Ohio St., 511, 99 N. E. (2d), 649; National Tube Co. v. Glander, Tax Commr., 157 Ohio St., 407, 105 N. E. (2d), 648; Athens Home Telephone Co. v. Peck, Tax Commr., 158 Ohio St., 557, 110 N. E. (2d), 571; American Compressed Steel Corp. v. Peck, Tax Commr., ante, 207, 115 N. E. (2d), 153.
In each of those instances this court has been called upon to determine what the General Assembly meant, by the word “directly” as used in that statute, or, more specifically, whether, in the particular case, there was a direct use in a particular activity of the items whose sale was claimed not to be subject to the sales or use tax.
What may appear to one person to be a direct use in a particular case may appear to another equally intelligent and reasonable person not to be a direct use. This probably explains many of the differences of opinion which have been exhibited by the decisions of this court in determining whether, in a particular case, *394 a direct use was or was not involved. However, if the question as to whether a direct use is involved is allowed to depend upon the facts and circumstances of each case, without reference to decisions rendered in other cases, this court will be merely contributing to the confusion caused by the ambiguous statutory word “directly.” Our aim should be to remove that ambiguity. This can only be done by endeavoring to make each decision rendered consistent with previous decisions rendered. The results may be what will seem to reasonable and intelligent persons to represent the drawing of artificial and arbitrary boundaries or lines. However, such boundaries or lines should be helpful as a guide to those charged with the administration of the tax laws and to members of the bar, who must advise .their clients as to the meaning of those laws.
We believe that our previous decisions have generally recognized that, where the principal use of property claimed to be used “directly in” a particular activity is in transportation to or from that activity, as distinguished from transportation which is a part of that activity or between essential steps of that activity, such use is not ‘ ‘ directly in ’ ’ such activity within the meaning of Sections 5546-1 and 5546-25, G-eneral Code. TriState Asphalt Corp. v. Glander, Tax Commr., supra, 504, and American Compressed Steel Corp. v. Peck, Tax Commr., supra.
Here, the principal use of the trucks involved is admittedly in transportation from a place where it may be said that there is a “production of tangible personal property for sale by * * * processing * * * [or] mining.” This case does differ from a case such as Crowell-Collier Publishing Co. v. Glander, Tax Commr., supra, where the transportation involved was of a useful product. Here, the transportation involved is of a useless by-product of the production by processing or mining. However, we believe this court would *395 increase rather than tend to remove the ambiguity of the statutory word “directly” if we recognized a different line or boundary with respect to such a useless by-product from that which we have recognized with respect to a useful product.
The necessity of removing the by-product in order to continue the production by processing or mining in the instant case was no greater than was the necessity of removing the useful product in the Crowell Publishing Co. case in order to continue the production by processing in that case.
It is argued that, under the decision and reasoning in Bailey v. Evatt, Tax Commr., supra, the sale of a dragline used in strip mining to strip overburden from coal and deposit the incombustible slag in a gob pile would be recognized as excepted from taxation; and that there is no distinction between the function of such a dragline and the function of the cleaning plants and trucks used in appellant’s deep mine. It may be observed that that argument would be more pursuasive in the instant case if an effort had to be made to establish that the chutes were directly used in production by processing or mining. However, it is sufficient to state that the principal use of such a dragline could be said to be a part of the actual production by mining of the coal. That being so, it could be considered as used directly in production by mining within the principles announced by this court in Mead Corp. v. Glander, Tax Commr., supra.
Our conclusion is that these trucks were not used directly in production by processing or mining within the meaning of Section 5546-25, General Code. It follows that the decision of the Board of Tax Appeals must be affirmed.

Decision affirmed.

Weygandt, C. J., Hart, Zimmerman, Stewart and Lamneck, JJ., concur.