Hart, J.
The single issue here involved is whether there was leased or sold to appellant certain parimutuel equipment or whether, in relation to such equipment, a service was rendered by the owner thereof.
Section 5546-1, General Code (Section 5739.01, Revised Code), provides that a “sale” includes “all transactions whereby title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is granted, for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental * *
The Board of Tax Appeals found as to facts:
*249 “The evidence is clear that the taxpayer’s sixty agents operated these eighty ticket issuing machines and, as a result of their use of them, they caused the automatic transmission to and the operation of the recording and computing device from which other Randall Park employees took off totals, and from which Randall Park employees computed pay-offs and odds. The only part played in this operation by Tote employees was the locking of the recording and computing machine when wagering on a race closed. It (Tote) thereafter simply relayed information furnished by Randall Park employees to the Tote board. Why were Tote employees present? Several reasons are apparent. They schooled Randall Park employees in the use of the ticket-issuing devices. They * * * were there to service their own property and afford a constant and continuing operation of their equipment, and to protect Tote from any loss due to mechanical failure on their guaranty of complete accuracy. * * * Tote employees fed no data or information into these machines. They simply stood by to see that the equipment operated as it was said to be able to do.”
The evidence is clear that the equipment was installed on the premises of the appellant, and that it was in its possession and was operated in the main by its employees. The compensation was made for the use of the machines and constituted a rental payment therefor.
In the case of Pla Mor, Inc., v. Glander, Tax Commr., 149 Ohio St., 295, 78 N. E. (2d), 725, the taxpayer operated a skating rink and in connection with such operation furnished to its patrons for a consideration shoe skates and socks which it serviced and kept in repair for that purpose. The taxpayer claimed, as here, that it rendered a service to its patrons and did not lease tangible personal property to them. This court held that such a transaction was one “whereby possession of tangible personal property is transferred under ‘li *250 cense to use or consume * * * for a consideration’ and not within any exception prescribed by the Sales Tax Act.”
The same principles have application to the facts in the instant case.
The appellant claims further that the compensation paid by it to Automatic for the use of the equipment must be considered on the price of each wager ticket sold, and, since such compensation in each case was less than 41 cents, the transactions were exempt from tax under the provisions of the Sales and Use Tax Acts.
We find no merit in this contention. The evidence shows that the rental charge is based, not upon each individual wagering transaction, but on a day’s racing operation.
We conclude that the furnishing of pari-mutuel equipment to appellant was not the rendition of a service but a delivery of possession of tangible personal property for a consideration constituting a rental. This constituted a taxable sale or use under the Sales and Use Tax Acts.

Decision affirmed.

Weygandt, C. J., Middleton, Tapt, Zimmerman, Stewart and Lamneck, JJ., concur.