# Richmond

SEABOARD AIR LINE RAILROAD COMPANY v. COMMONWEALTH OF VIRGINIA, ET AL.

June 10, 1963.

Record No. 5594.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, l'Anson and Carrico, JJ.

The opinion states the case.

*Wilkes C. Robinson (Eppa Hunton, IV; Charles P. Reynolds,* on brief) for the appellant.

*J. Randolph Tucker, Jr. (Robert Y. Button, Attorney General; Tucker, Mays, Moore & Reed,* on brief), for the appellees.

SNEAD, J., delivered the opinion of the court.

This appeal by Seaboard Air Line Railroad Company resulted from an order of the State Corporation Commission dismissing its application to amend a certificate of public convenience and necessity No. F-773 (restricted), which had been granted it by the Commission on

April 18, 1958, pursuant to the provisions of § 56-287.1, Code 1950, as amended.

Under the existing certificate, Seaboard is authorized to transport by its motor vehicles less than carload freight or express "as a substitute for transportation by rail on railroad bills of lading or express receipts, at published railroad or express tariff charges" over specified highways and serving certain railroad stations mentioned therein. One of the routes permitted by the certificate is from "Richmond over U. S. Highway 1 to junction with Virginia Highway 10, thence over Virginia Highway 10 to Hopewell, and return via Virginia Highway 10 to U. S. Highway 1, thence over U. S. Highway 1 to junction with Virginia Highway 621, thence Virginia Highway 621 to La Crosse, serving stations on its line at Richmond, Hopewell, Petersburg, * * *."

Seaboard's application to amend certificate No. F-773 requested that it be permitted to operate from Hopewell to Petersburg and return over Virginia Highway No. 36 as an alternate route but serving no intermediate points. The stated reason was that the "proposed service would be more economical in that it would reduce the number of miles operated to serve these points." The record shows that by using this alternate route distance of travel would be reduced by approximately 13 miles per trip and about 15 minutes in time would be saved, which would result in an annual savings of $310 to the railroad. Seaboard had sought to obtain authorization for its trucks to operate over Virginia Highway No. 36 in its application for the original certificate in 1958, but it was refused without any reason being stated by the Commission. Since that time the Interstate Commerce Commission has issued Seaboard a certificate which permits the use of this highway to haul interstate less than carload freight.

At the hearing on the application, before any evidence was adduced, counsel for Richmond-Petersburg Freight Lines, Incorporated, which had intervened in opposition to Seaboard's application, moved for a dismissal of the application as a matter of law. He contended, among other things, that under the provisions of § 56-287.1 the truck route must generally parallel the applicant's railroad line; that Seaboard has no railroad operation between Petersburg and Hopewell generally parallel to Virginia Highway No. 36, and that the statute was not applicable. After argument by counsel, the Commission expressed the opinion that the motion should be sustained. Whereupon, counsel for Seaboard asked permission to submit testimony to show public convenience and necessity for purposes of appeal and he was allowed

406

to do so with the understanding that such evidence was not to be considered by the Commission. This evidence was not considered and the order of August 16, 1962, appealed from dismissed Seaboard's application.

Here, Seaboard challenges the correctness of the Commission's action in dismissing its application for the certificate sought as a matter of law without considering evidence as to whether the public convenience and necessity require the proposed service. The question presented involves a construction of § 56-287.1. It provides:

"The Commission, shall, upon a showing of public convenience and necessity, notwithstanding the provisions of § 56-281 of the Code of Virginia, issue to any common carrier by railroad or any common carrier by express, upon its application therefor, a certificate as a restricted common carrier to operate motor vehicles upon the highways of the State for the transportation of property, which transportation shall be auxiliary to or supplemental of rail or express service, such certificate to show the stations between which the operation is to be conducted, and a warrant or warrants identifying the trucks or vehicles to be used in such operation which shall be limited to less than carload freight or express in the case of a railroad as a substitute for transportation by rail from freight station or express station to freight station or express station on its line of railroad on railroad bills of lading or express receipts, and in the case of an express company, as a substitute for transportation by rail from express station to express station on any line of railroad on express receipts, at the published railroad or express tariff charges, whichever may be applicable."

By sustaining the motion of Richmond-Petersburg Freight Lines, Inc., to dismiss Seaboard's application, the Commission held in effect that § 56-287.1 requires that the highways which are used by the railroad's motor vehicles between freight stations must parallel or generally parallel its line of railroad. Seaboard has a circuitous line between Hopewell and Petersburg, but since it has no line of railroad between the two cities which parallels or generally parallels Virginia Highway No. 36, its application was dismissed.

Here, appellees argue, among other things, that the key to the interpretation of the statute is found in the words "auxiliary to or supplemental of rail or express service" and "a substitute for transportation by rail from freight station or express station to freight station or express station on its line of railroad." They say that when these words are given their natural meanings and read in conjunction

with the entire statute it is clear that the Commission's order was correct.

We have not heretofore had occasion to construe § 56-287.1. We are of opinion that its provisions are clear and unequivocal. Hence, the rules of construction do not come into play. *Town of South Hill* v. *Allen*, 177 Va. 154, 164-5, 12 S. E. 2d 770.

Upon application of a railroad and upon a showing of public convenience and necessity, notwithstanding the provisions of § 56-281, the Commission is required to issue a restricted common carrier certificate to the railroad "to operate motor vehicles upon the highways of the State for the transportation of property." The restrictions or limitations set forth in the statute are that the truck transportation shall be (1) "auxiliary to or supplemental of rail or express service", (2) "limited to less than carload freight or express", (3) "as a substitute for transportation by rail from freight station * * * to freight station * * * on its line of railroad", and (4) "on railroad bills of lading * * * at the published railroad * * * tariff charges, * * *."

The phrase "auxiliary to or supplemental of rail or express service" merely means that the transportation shall be related to rail service. The language "as a substitute for transportation by rail from freight station * * * to freight station * * * on its line of railroad" requires that the substituted transportation by motor vehicles shall be between the railroad's freight stations which are on its line of railroad and it does not require that the highway route shall generally parallel the railroad line. The words "on its line of railroad" relate to and modify freight stations and not "the highways of the State" found in the first part of the statute. Such transportation is precluded between a freight station on the line of one railroad to stations not on its line of railroad. In the present case Seaboard has freight stations at Hopewell and Petersburg which are on its line of railroad.

The statute does not state that the highway routes to be used shall parallel, generally parallel or be reasonably distant from the railroad's line. Had the General Assembly intended this to be a requirement it could have stated so in appropriate words. However, we do not mean to say that highway routes sought by railroads for substituted service are not a factor to be considered by the Commission in determining whether public convenience and necessity exists.

Public convenience and necessity is a question of fact and must be proved by the evidence. It is an issue addressed to the sound dis-

cretion of the Commission. *Seaboard Air Line R. Co.* v. *Commonwealth*, 193 Va. 799, 807, 809, 71 S. E. 2d 146.

Our conclusion is that the Commission has authority under § 56-287.1 to issue the amended certificate requested, subject to the express limitations, provided public convenience and necessity is shown, and that the Commission erred in dismissing Seaboard's application as a matter of law. It should have heard and considered evidence as to whether public convenience and necessity exists for the use of the alternate route and made a factual determination.

The order appealed from is, therefore, reversed and the case is remanded to the Commission with direction that it hear evidence on the question of public convenience and necessity in order for it to decide whether the requested certificate should be issued.

*Reversed and remanded.*