Ohio Bus Line Co., Inc., Appellant, *v.* Bowers, Tax Commr., Appellee.

[Cite as Ohio Bus Line Co. v. Bowers, 1 Ohio App. 2d 122.]

(No. 9399—Decided February 3, 1964.)

*Messrs. Brown & Gettler*, for appellant.
Mr. *William B. Saxbe*, attorney general, and Mr. *Edgar L. Lindley*, for appellee.

LONG, J. This is an appeal from a decision of the Board of Tax Appeals affirming, as modified, a final order of the Tax Commissioner, dated January 23, 1963, wherein the Tax Commissioner confirmed a "use tax" and "sales tax" assessment against the appellant, Ohio Bus Line Company, Inc.

As its name indicates, Ohio Bus Line is a public utility operating buses for the transportation of passengers, baggage and freight in southwestern Ohio and eastern Indiana; a twenty-four hour continuous service which appellant has been rendering for many years. From 1957 through 1960, Ohio Bus Line purchased certain items for the conduct of its business, upon which it had never paid a use tax or sales tax for the reason that such items were used by it in the rendition of its public utility service. In addition to this, its officers thought, and the various commissioners over the years thought, the purchase of such items was exempt from taxation under Sections 5739.01 (E) (2) and 5741.02 (B) of the Revised Code.

Two questions are presented to this court for determination:

(1) During this same period, 1957 through 1960, the appellant's bus drivers, through their union, made a deal with a Chicago tailoring company to furnish them their uniforms, consisting of caps, shirts, jackets and trousers. These items were purchased individually by each bus driver; they were ordered by him; billed to him and he was personally liable for the cost of same. Through solicitation by the union, the appellant agreed that, where a bus driver did not wish to pay cash to the

tailoring company, the appellant would advance the money to the tailoring company and would deduct from the driver's weekly pay whatever amount was convenient for the driver to pay until he had paid in full the amount appellant had advanced to the tailoring company. It is upon these facts that the Tax Commissioner contends that the Ohio Bus Line becomes a purchaser of the drivers' uniforms and makes it liable for the payment of a use tax. With this contention we do not agree. The Tax Commissioner is reversed on this ruling.

Coming now to the more complex second question: Is a public utility, engaged in the transportation business, exempted from the payment of the sales tax on the purchase of all items required to keep the entire transportation system in continuous operation, or is the exemption limited solely to the purchase of such items as keep the wheels of the bus in motion? We have examined the statutes and the cases which have been cited in the briefs, and we think that the Supreme Court has found a middle ground in the determination of this question.

In *Athens Home Telephone Co.* v. *Peck, Tax Commr.*, 158 Ohio St., 557, the Supreme Court indicates that we must look at the rendition of a public utility service in its entirety for a determination of the matter. The court held that the purchases of small trucks and passenger cars used in servicing the public telephone service were not taxable, pointing out that "a substantial part of the rendition of the *service* is keeping the entire system in continuous operation."

In *Warren Telephone Co.* v. *Bowers, Tax Commr.*, 173 Ohio St., 164, the Supreme Court properly pointed out the commercial aspects of the telephone company's business; it found many items are necessary to build and maintain quiet rooms, lunch rooms for customers, locker rooms and class rooms for employees, and items for repairing a driveway leading to the office building; but the court held the purchase of these to be taxable. However, in the case of *Erie Rd. Co.* v. *Peck, Tax Commr.*, 160 Ohio St., 322, the Supreme Court rejected the narrow interpretation of the commissioner in that case and said:

"The appellant [railroad], however, insists that such a [railway] station is necessary in order to provide information for passengers, to make reservations, to sell tickets, to handle baggage, to provide shelter from the weather, and to furnish a

safe place for passengers to board and leave trains. Apparently the Public Utilities Commission of Ohio was of the same view inasmuch as it ordered the appellant to construct a passenger station. * * *"

In the case at bar, the commissioner frankly admits that the Ohio Bus Line would not be permitted to operate if it did not comply with orders of the Public Utilities Commission to install fire extinguishers and many other items of safety in its bus operations; and yet the Tax Commissioner thinks the purchase of such items is subject to the sales tax. With this contention we cannot agree.

We have examined in detail the record as to the service rendered by the appellant. It is required by law to furnish the public with information as to its routes, schedules and tariffs; it must provide passenger stations, handle baggage, sell tickets; buses must be clean and safe for passengers; and intercommunication must be provided for "time points" along the routes, and road repair stations must be maintained. To properly operate its business, appellant, in the opinion of this court, is entitled to hold tax free the purchase of those items which the Board of Tax Appeals determined were neither used nor consumed directly in the rendition of its public utility service, except those items in category number seven hereafter referred to. The Tax Commissioner divided such items into seven categories, as follows:

(1) Schedules, Waybills, and Similar Operating Records.
(2) Passenger Station Repairs and Supplies.
(3) Maintenance of Buses.
(4) Garage Operations.
(5) Safety Equipment on Buses.
(6) Road Inspection and Service.
(7) Safety Service and Awards.

We hold that the items in the first six categories are tax free.

We hold further that the items in category number seven are subject to the use tax or sales tax because of the decision in *Warren Telephone Co.* v. *Bowers, Tax Commr.*, 173 Ohio St., 164; also, it should be noted that the appellant in its brief concedes that the items in the seventh category are taxable.

At this point, the court again directs attention to the fact

126

that over the years the taxing authority has never attempted to tax the appellant, or any other transportation company, for any of the items set forth in the above first six categories. It is a matter of accepted judicial reasoning in the interpretation given by an executive department charged with the administration and enforcement of a law, that great weight be given such interpretation in arriving at a judicial interpretation of such law. The reasoning for the rule stems from the practical interpretation of a law through the acquiscence of the governmental agency charged with its enforcement. See *United States* v. *Farrar*, 281 U. S., 624, at page 634, 74 L. Ed., 1078, 50 S. Ct., 425, 68 A. L. R., 892; *Mintz* v. *Baldwin*, 289 U. S., 346, at page 351, 77 L. Ed., 1245, 53 S. Ct., 611.

The judgment below is modified accordingly.

*Judgment accordingly.*

HOVER, P. J., and HILDEBRANT, J., concur.