## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

COMMONWEALTH OF VIRGINIA v. COMMUNITY MOTOR BUS COMPANY, INCORPORATED.

August 30, 1973.

Record No. 8168.

Present, All the Justices.

*Charles K. Trible, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for plaintiff in error.

*J. Stanley Livesay, Jr.* (*Babb, Oast & Livesay*, on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

This appeal involves the question whether the Community Motor Bus Company, Incorporated, a Virginia corporation, is exempt under provisions of § 58-441.6, subsection (h), Code of 1950, 1969 Repl. Vol., from the payment of sales and use taxes assessed against it by the Department of Taxation on certain tangible personal property purchased and used by the bus company.

The bus company filed a petition for exoneration of the payment of the taxes assessed. After hearing evidence, the trial court filed a written opinion holding that all the items assessed, except several items not in issue here, were exempt from taxation because the items purchased were directly related to the maintenance of the company's transit system and necessary to maintain that degree of efficiency and quality of service required of it, and as such were used "directly in the rendition of its public service."

Code § 58-441.6(h), in pertinent part, exempts from taxation:

". . . tangible personal property sold or leased to a public service corporation engaged in business as a common carrier of property or passengers by motor vehicle, *for use or consumption by such carrier directly in the rendition of its public service.*" (Italics supplied.)

The bus company is a common carrier of passengers by motor vehicle in the City of Portsmouth. It also provides special charter bus services.

The items claimed by the Department of Taxation to be subject to the tax are numerous, but they can be broadly placed in the following categories: (1) office supplies and equipment, such as stationery, typewriters and filing cabinets; (2) tools and machinery used in repairing the buses, trucks and supervisors' automobiles, such as wrenches, saws and drills; (3) repair parts for tow trucks and supervisors' automobiles, such as spark plugs and shock absorbers, but excluding repair parts and lubricants for the buses; (4) articles for the personal convenience of employees working in the shop, namely: hand cleaners and toilet supplies; (5) garage and parking lot supplies, which include light bulbs, shelving, chemicals for killing weeds, and snow-melting equipment; and (6) equipment and supplies used in cleaning the buses.

The Department of Taxation contends (1) that the purchases of the tangible personal property in the above categories are subject to sales and use taxes because they were not used directly in the rendition of the bus company's transportation service; (2) that their use, at best, was indirect and in many cases they were not used at all in rendering public service; and (3) that although the property is essential to the conduct of the business as a whole, it fails the test of direct use of personalty in rendering public service.

Thus the issue presented is what is meant by the phrase "directly in the rendition of its public service." This particular provision of the Virginia Retail Sales and Use Tax Act has not heretofore been interpreted by us.

The Retail Sales and Use Tax Act, Title 58, Chapter 8.1, which became effective on September 1, 1966, does not define the key word "directly" as used in Code § 58-441.6(h). Thus we must ascertain the legislative intent and give the word used its obvious meaning. *Commonwealth* v. *R. & P. R. R. Co.*, 81 Va. 355, 358 (1886). We must also give meaningful effect to its use in the statute, for to do otherwise would be to ignore its presence there. *Savage* v. *Commonwealth*, 186 Va. 1012, 1020, 45 S.E.2d 313, 317 (1947); *McFadden* v. *McNorton*, 193 Va. 455, 461, 69 S.E.2d 445, 449 (1952).

"Directly" is usually defined as "without intervention." Black's Law Dictionary 547 (4th rev. ed. 1968); *Phillips & Buttorff Mfg. Co.* v. *Carson*, 188 Tenn. 132, 141, 217 S.W.2d 1, 5 (1949). Webster's Third New International Dictionary 641 (Unabridged, 1971 ed.) defines "directly" as meaning "immediately." See also 12A Words and Phrases, Directly, at 139, *et seq*. However, in the context of § 58-441.6(h) the use of "directly" is ambiguous. The parties concede that reasonable men could disagree as to the meaning of "directly" as used in the statute. When statutes are ambiguous we resort to the rules of statutory construction for guidance in determining legislative intent. *Commonwealth* v. *R. & P. R. R. Co.*, *supra*, 81 Va. at 360; *Seaboard Railroad* v. *Commonwealth*, 204 Va. 404, 407, 131 S.E.2d 271, 273 (1963).

Statutes granting tax exemptions are construed strictly against the taxpayer. When a tax statute is susceptible of two constructions, one granting an exemption and the other not granting it, courts adopt the construction which denies the exemption. *Commonwealth* v. *Manzer*, 207 Va. 996, 1000, 154 S.E.2d 185, 189 (1967); *Arcese* v. *Commonwealth*, 160 Va. 116, 124, 168 S.E. 465, 467 (1933).

For further guidance we look to the decisions of the Supreme Court of Ohio for its interpretation of § 5739.01 of the Ohio Revised Code, since that sales and use tax exemption provision is very similar to the provisions in the Virginia Act. The Ohio Act provides in part:

"(E) 'Retail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:

. . . .
    "(2) . . . to use or consume the thing transferred . . . *directly* in the production of tangible personal property . . . or *directly* in the rendition of a public-utility service . . . ." (Italics supplied.)

The Ohio Supreme Court, in interpreting the meaning of "directly" in its statute, has held that when the legislature inserted the word "directly" in the statute[1] it meant to narrow the scope of the exemption. *Fyr-Fyter Co. v. Glander*, 150 Ohio St. 118, 122, 80 N.E.2d 776, 779 (1948).

In cases involving production or public-utility service, the Ohio court has formulated and applied the following two-pronged test to determine the existence of a sales and use tax exemption under the Ohio statute: (1) whether the item is indispensable to actual production of tangible personal property or actual rendition of public-utility service, and (2) whether the item is primarily used or consumed immediately in production of tangible personal property or rendition of public-utility service. *Warren Telephone Co. v. Bowers*, 173 Ohio St. 164, 166, 180 N.E.2d 595, 597-98 (1962); *Canton Malleable Iron Co. v. Porterfield*, 30 Ohio St.2d 163, 172, 283 N.E.2d 434, 440 (1972), and cases there cited.

Under that test, convenient or facilitative items are, of course, not exempt. *Midwest Haulers v. Glander*, 150 Ohio St. 402, 407, 83 N.E.2d 53, 56 (1948), *cert. denied*, 336 U.S. 963 (1949). More important, items which are essential to operation of a business but not an immediate part of actual production of tangible personal property or actual performance of public-utility service are not exempted because essentiality itself would exempt nearly all items in contravention of the legislature's evident intent. *Tri-State Asphalt Corporation v. Glander*, 152 Ohio St. 497, 501, 90 N.E.2d 366, 368 (1950); *United States Steel Corp. v. Bowers*, 170 Ohio St. 558, 563, 167 N.E.2d 87, 92 (1960); *Warren Telephone Co. v. Bowers, supra*, 173 Ohio St. at 167, 180 N.E.2d at 598.

The court below cited the Ohio Court of Appeals decision of *Ohio Bus Line Company v. Bowers*, 1 Ohio App.2d 122, 200 N.E.2d 688 (1964), as authority for its holding. However, that case was not reviewed by the Supreme Court of Ohio for reasons not clearly appearing in the report of the case. It merely stated: "Motion to Certify Record Overruled." Although *Ohio Bus Line* is somewhat

---

1. The statute was then Code § 5546.1.

factually similar to the instant case, its scope and rationale were severely restricted in 1967 when the Ohio General Assembly enacted § 5739.01(Q), which provides:

" 'Used directly in the rendition of a public utility service' means that property which is to be incorporated into and will become a part of the consumer's . . . transportation . . . system and which retains its classification as tangible personal property after such incorporation . . . and tangible personal property used in the repair and maintenance of the . . . transportation . . . system, including only such motor vehicles as are specially designed and equipped for such use."

*Ohio Bus Line* exempted many items under the rationale that the taxpayer was required by law to comply with certain conditions in operating its business. But in *Fyr-Fyter Co. v. Glander, supra,* 150 Ohio St. at 124, 80 N.E.2d at 779, the Ohio Supreme Court found no provision in the Ohio Code establishing an exemption because a law required that certain conditions be complied with in order to operate a business. See also *Warren Telephone Co. v. Bowers, supra,* 173 Ohio St. at 167, 180 N.E.2d at 598. Nor is any such exemption provision found in our statutes.

*Athens Home Tel. Co. v. Peck,* 158 Ohio St. 557, 110 N.E.2d 571 (1953), relied on by the bus company, is readily distinguishable from the present case on the ground that specially designed and equipped motor vehicles of the company were indispensable and used exclusively for keeping the public telephone and electrical system in continuous operation and repair.

In short, we find the relevant Ohio Supreme Court authorities persuasive. Applying those authorities and our rules of statutory construction, we hold that the legislature, in using the phrase "directly in the rendition of its public service," in Code § 58-441.6(h), intended to narrow the scope of the exemption and exempted only such essential tangible personal property used immediately and principally by a common carrier to keep its motor vehicles on the road in performance of its public service. To hold otherwise, we would have to read the statute without the word "directly" appearing therein, and exempt all tangible personal property purchased and used by the bus company in operating its motor vehicle transit system. That was clearly not the legislative intent.

It is thus evident from our interpretation of the meaning of "directly" that many items assessed by the Department of Taxation are not exempt under the statute. However, since it is not our function to review the voluminous items upon which the sales and use taxes were imposed, and in light of the record before us, we reverse the judgment and remand the case to the trial court to apply our construction of the phrase "directly in the rendition of its public service."

Accordingly, the judgment is

*Reversed and remanded.*