Per Curiam.

The question presented is whether appellant’s used car inventory for the last half of 1954 was subject to personal property taxation for that year, under the last sentence of Section 5711.03, Revised Code (Recodification Act of 1953), relative to the listing of taxable personal property, the *322 last half of which sentence read, “but a person engaging in business between the first day of January and the first day of July in any year shall list the probable average amount of personal property intended to be used in business by him until the first day of January next thereafter.”
Appellant contends that the term, “a person engaging in business,” as it was used in the above quotation, referred to a person who “becomes a taxpayer between the first day of January and the first day of July,” since that phrase was used in the first part of that sentence; that appellant did not become a taxpayer between January 1 and July 1, but was a taxpayer as of January 1, 1954, and made its return accordingly; and that it should be assessed for the year 1954, not under Section 5711.03, Revised Code, supra, but under Section 5711.15, Revised Code (Recodification Act of 1953), relative to valuation of merchandise offered for sale, which provided in part: “A merchant in estimating the value of the personal property held for sale in the course of his business shall take as the criterion the average value of such property * * * which he has had in his possession or under his control during the year next previous to the time of making such statement, or the part of the year during which he was engaged in business.”
With that contention this court is not in accord. When appellant ceased to do business in 1949 it ceased to be “engaged in business” as a merchant and until June of 1954 had no inventory and was not required to pay taxes as a merchant. The fact that appellant was authorized to engage in the sale of used cars did not constitute it a merchant during that period of inactivity from 1950 to June 1954. Its classification is determined by the actual operation of a business. Midwest Haulers, Inc., v. Glander, Tax Commr., 150 Ohio St., 402, 406, 83 N. E. (2d), 53.
In June of 1954, appellant chose to again engage in business as a merchant by acquiring a stock of used cars. Since this activity was begun after January 1, 1954, and prior to July 1, 1954, appellant then became “a person engaging in business between the first day of January and the first day of July,” within the meaning of Section 5711.03, Revised Code, supra, and, as such, was required to pay personal property taxes on its inventory for the year 1954.
*323 The decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Weygandt, 0. J., Zimmerman, Stewart, Taft, Matthias, Bell and Herbert, JJ., concur.