DORATY RAMBLER, INC., APPELLANT, *v.* SCHNEIDER, TAX COMMR., APPELLEE.

(No. 39388—Decided December 1, 1965.)

39

*Messrs. Arter, Hadden, Wykoff & Van Duzer* and *Mr. Quentin Alexander,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Jon A. Ziegler,* for appellee.

SILBERT, J. The tangible personal property tax in Ohio is prospective in nature and is levied and assessed at the beginning of the year for the privilege of using tangible personal property in business for the duration of the coming year. Section 5711.04 of the Revised Code requires that a taxpayer's personal property tax return be filed between February 15 and April 30 of each year. Tax listing day with regard to business inventories is declared by Section 5711.03, Revised Code, to be the first day of January of each year, and all owners must list their property as of that date. However, because of the obvious inequality which would result from the arbitrary selection of any particular tax listing day for valuation of inventory, the Code provides that such valuation shall be on an average basis. The general rule, as stated by Section 5711.03, Revised Code, is that "when a person or taxpayer engages in business * * * In listing inventory * * * he shall list the probable average value intended to be used in business from the date he engages in business until the first day of January next thereafter."

As an exception to this general rule, Section 5711.15, Revised Code, provides that a "merchant" may ascertain such average value on the basis of his prior year "by taking the amount in value on hand * * * in each month of such year, in which he has been engaged in business, adding together such amounts, and dividing the aggregate amount by the number of months that he has been in business during such year."

In recognition of the fact that many businesses are conducted on a fiscal year, rather than a calendar year, basis, the Legislature has provided in Section 5711.101, Revised Code, that the Tax Commissioner may authorize or require a taxpayer to list his taxable personal property as of the close of business at the end of his fiscal year instead of the day otherwise prescribed, and that "the commissioner may adopt regulations to govern the use of the basis of listing authorized by this section."

Under these various provisions of the Revised Code, Doraty, during its years as a used-car dealer, kept its books on an August 31 fiscal year basis and filed its federal income tax and personal property tax returns on this same fiscal year basis.

The controversy in this case involves the question of whether the appellant was, under the provisions of Section 5711.03, Revised Code, "a * * * person or taxpayer * * * [who] * * * engages in business * * * after the first day of January" who must pay its personal property tax on the basis of its estimated 1961 inventory or whether, under the provisions of Section 5711.15, Revised Code, it was a "merchant" who was entitled to use the inventories of its fiscal year ending August 31, 1960, as a basis for its 1961 personal property tax.

Appellant makes the following contentions:

1. That despite the discontinuance of business, it had actual inventories which were used in business during a part of calendar and fiscal year 1960, and that these inventories must be used as a basis for its 1961 tax.

2. Section 5711.03, Revised Code, relied upon by the Board of Tax Appeals, applies only to new taxpayers who were not in business during any part of the preceding year.

Tax listing day for inventories held for sale is, under the Revised Code, January first of each year. On such day, all taxpayers must list their property, but to avoid inequality, a merchant may pay on the basis of his prior fiscal year under regulations prescribed by the commissioner. Section 5711.15, Revised Code, does not change tax listing day, it merely changes the basis on which a merchant may make payment. The question then becomes: Was appellant a "merchant" on January 1, 1961?

"Merchant" is defined by Section 5711.15, Revised Code, as "a person who owns or has in possession or subject to his control personal property within this state with authority to sell it, which has been purchased either in or out of this state, with a view to being sold at an advanced price or profit, or which has been consigned to him from a place out of this state for the purpose of being sold at a place within this state."

According to the undisputed facts of this case, appellant was not engaged in business between May 1960 and mid-January 1961. On tax listing day, appellant was not "a person who owns or has in possession * * * personal property * * * with authority to sell it * * * at an advanced price." The classification of "merchant" is determined by the actual operation of a business. *Midwest Haulers, Inc.,* v. *Glander, Tax Commr.* (1948), 150 Ohio St. 402, 406. Therefore, as appellant was not a "merchant," it was not entitled to file a return under the provisions of Section 5711.15, Revised Code. When it again engaged in business in mid-January 1961, it came squarely within the provisions of Section 5711.03, Revised Code.

This court had occasion to deal with the same problem in the case of *Schott Auction Co.* v. *Bowers, Tax Commr.* (1958), 167 Ohio St. 321. In that case, we recognized that one may be engaged in business, then cease being engaged in business, and then again be engaged in business. In that case, the Schott Auction Company, a used-car auctioneer carrying an inventory of used cars, engaged in business in 1948. In 1950, it ceased doing business and made no sales until it reopened again in 1954. During that period, its only assets were office furniture and accounts receivable. For the years 1950 through 1954, it returned for taxation and paid personal property taxes on such office furniture and accounts receivable. In June 1954, it acquired an inventory of automobiles and again became engaged in the same business of auctioning used cars. In filing its 1954 personal property tax return, Schott contended that it could use as a basis for its tax its previous year's (1953) inventory under Section 5711.15, Revised Code. In a *per curiam* opinion, with all seven judges concurring, this court stated at page 322:

"When appellant ceased to do business in 1949 it ceased to

be 'engaged in business' as a merchant and until June of 1954 had no inventory and was not required to pay taxes as a merchant. The fact that appellant was authorized to engage in the sale of used cars did not constitute it a merchant during that period of inactivity from 1950 to June 1954. * * *

"In June of 1954, appellant chose to again engage in business as a merchant by acquiring a stock of used cars. Since this activity was begun after January 1, 1954, and prior to July 1, 1954, appellant then became a 'person engaging in business between the first day of January and the first day of July,' within the meaning of Section 5711.03, Revised Code * * *."

See, also, *Ambassador Lanes* v. *Bowers,* 2 Ohio Tax Cases, par. 200-879 (B. T. A. 1958); *Southland Stores No. 3, Inc.,* v. *Bowers,* 2 Ohio Tax Cases, par. 201-009 (B. T. A. 1959).

Appellant relies heavily on the case of *Beerman Stores, Inc.,* v. *Bowers, Tax Commr.* (1962), 173 Ohio St. 59. In that case, the owner of several retail stores had the inventory of one store completely destroyed by fire just prior to tax listing day. Attempting to capitalize on that loss, the owner filed no personal property tax return for that store for the entire year, contending that this was justified as there was no inventory in existence on tax listing day. This court held that under Section 5711.15, Revised Code, where a merchant has inventory in existence for some part of the year, such inventory must be included in his valuation for the following year's tax, and the fact that the inventory at one outlet was destroyed by fire did not relieve the corporation from including its average inventory in its personal property tax return. That case is only an affirmation of the statutory concept of average inventories and a recognition of the inequality of valuing inventory as of a specific day. However, appellant here attempts to utilize that case to demonstrate that, if a taxpayer has no inventory on tax listing day, he may still use his previous year's inventory as a basis for his tax. The crucial question is not whether you had an inventory on tax listing day, but rather, were you a merchant engaged in business on tax listing day?

However, despite the above reasoning, appellant contends that under the wording of Section 5711.15, Revised Code, a

person who had inventories during a part of the prior year is still a merchant and is entitled to utilize his prior year's inventory as a basis for his tax. In support of this contention, it cites that part of the section which reads:

"A merchant in estimating the value of the personal property held for sale in the course of his business shall take as the criterion the average value of such property * * * which he has had in his possession or under his control during the year ending on the day such property is listed for taxation, or the part of such year during which he was engaged in business."

However, appellant is misconstruing the meaning of that provision. It was the clear intent of the Legislature that, where a merchant is allowed to use a previous year as a basis for determining his prospective personal property tax, it is assumed that he was a merchant in the same line of business and had carried an inventory in the same line as he is presently paying his tax on. Admittedly, the sale of used cars and the sale of new Ramblers are within the same generic classification of "automobiles." However, they are essentially two different products. To allow the classification of "merchant" to be construed as allowing payment of personal property taxes on base year inventories of an essentially different nature would open a virtual Pandora's box of tax evasion schemes. Appellant in this case is engaged in a new business, i. e., the sale of new Ramblers. This is not the same as the sale of used automobiles. Furthermore, it is operating at a new location and under a new corporate name. To allow such old inventories to be used as a basis for estimating personal property taxes would grossly misconstrue the exception provided by the Legislature to allow for fluctuating inventories, seasonal sales, and a realistic basis for the assessment of personal property taxes.

Finally, it must be noted that appellant contends that it should be allowed to compute its personal property tax on the basis of its prior *fiscal* year as authorized by Section 5711.101 of the Revised Code. However, that section specifically states that "the commissioner may adopt regulations to govern the use of the basis of listing authorized by this section." In conformance with such section, the commissioner had adopted Rule

202 (as amended July 12, 1960), which in relevant parts provides:

"Any taxpayer, required to make a return on the basis of a fiscal year end pursuant to the provisions of this rule, *who has not been in business for a full year of twelve months* preceding the fiscal year end required to be used under the provisions of this rule, shall list taxable property as of the date otherwise prescribed by law." (Emphasis added.)

Since the undisputed facts clearly show that the appellant was not in business for a full year of 12 months preceding its fiscal year end of August 31, it was, under this rule, neither required nor authorized to employ its fiscal year as a basis for its 1961 personal property return.

Therefore, as appellant was not a "merchant" within the meaning of Section 5711.15, Revised Code, from May 1960 until mid-January 1961, and since appellant engaged in business after the first day of January, within the meaning of Section 5711.03, its personal property tax must be computed in conformance with the latter statute.

The decision of the Board of Tax Appeals is neither unreasonable nor unlawful and is, therefore, affirmed.

*Decision affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.

SILBERT, J., of the Eighth Appellate District, sitting for SCHNEIDER, J.