LIBBY-OWENS-FORD COMPANY, APPELLANT, *v.* COLLINS, TAX COMMR., APPELLEE.

(No. 76-912—Decided April 13, 1977.)

*Messrs. Marshall, Melhorn, Block & Belt* and *Mr. Lynn H. Gressley,* for appellant.

*Mr. William J. Brown,* attorney general, and *Ms. J. Elaine Bialczak,* for appellee.

10

*Per Curiam.* Appellant contends that the tin and the assistor rolls are not personal property subject to taxation because of the exclusion from the definition of personal property of "dies" in R. C. 5701.03.

The decision of the Board of Tax Appeals that the items in question are not "dies" is a factual determination.

This court's review of the board's decision is limited to questions of law and "[i]t is not the function of the court to substitute its judgment for that of the Board of Tax Appeals on factual issues, but only to determine from the record whether the decision rendered by the board is unreasonable or unlawful." *Buckeye Power* v. *Kosydar* (1973), 35 Ohio St. 2d 137, approving and following *Citizens Financial Corp.* v. *Porterfield* (1971), 25 Ohio St. 2d 53; R. C. 5717.04. Stated differently, "[i]t is the function of this court on appeal pursuant to Section 5611-2, General Code [analogous to R. C. 5717.04], to determine * * * whether the correct principles of law were applied in a reasonable manner." *Midwest Haulers* v. *Glander* (1948), 150 Ohio St. 402, 407.

The Board of Tax Appeals made a factual determination and applied to it the correct principles of law. Its decision is, therefore, reasonable and lawful and is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.