TIMKEN COMPANY, APPELLEE, *v.* LINDLEY, TAX COMMR., APPELLANT.

[Cite as Timken Co. *v.* Lindley (1985), 17 Ohio St. 3d 85.]

(No. 84-990—Decided May 15, 1985.)

*Day, Ketterer, Raley, Wright & Rybolt* and *John F. Buchman,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellant.

FORD, J. R.C. 5701.03 reads in pertinent part: "As used in Title LVII of the Revised Code, 'personal property' includes every tangible thing which is the subject of ownership, whether animate or inanimate, *other than patterns, jigs, dies,* or drawings, which are held for use and not for sale in the ordinary course of business * * *." (Emphasis added.) As to the definition of the terms "patterns," "jigs" and "dies," the Revised Code is silent. Appellant contends that a general lexicon definition should apply, and that the meaning applied to these items by the Board of Tax Appeals was overbroad and unreasonable. We disagree.

In addressing such issues this court has been hesitant to apply standard dictionary definitions. " '* * * After examining * * * present day * * * authorities * * *, it becomes more and more difficult to understand how an all comprehensive definition can possibly be stated. * * *' " *Colonial Foundry Co.* v. *Peck* (1952), 158 Ohio St. 296, 300 [49 O.O. 132]. Those cases cited by appellant in support of his proposition do not adopt strict, technical definitions of patterns, jigs, and dies. Case law, in fact, recognizes the diversity in manufacturing processes and continuing advancements in technology. Case law stresses that the function of a particular device, rather than its form, is paramount in determining its exemption under R.C. 5701.03 as a pattern, jig or die. See *Libby-Owens-Ford* v. *Collins* (1977), 50 Ohio St. 2d 9 [4 O.O.3d 38]; *General Motors Corp.* v. *Kosydar* (1974), 37 Ohio St. 2d 138 [66 O.O.2d 304]; *American Book Co.* v. *Porterfield* (1969), 18 Ohio St. 2d 49 [47 O.O.2d 164].

The Tax Commissioner seeks to limit the term "patterns" to the flask-sand method. This method consists of making a pattern of the desired casting, which pattern is inserted into and then removed from tightly packed sand within the confines of a flask. However, this court has recognized that differing methods are employed depending on the type of product manufactured. *Colonial Foundry, supra.* A more functional and flexible definition is necessary to accommodate these varying processes. The board's definition of "patterns" as "devices which serve as a guide, model or shape to be copied or duplicated in producing parts that are the same size and shape" provides functional flexibility and represents a much more responsive posture to the realities of continuing change in the state of various manufacturing arts.

Whether those items claimed exempt by appellee comport with this

definition is a factual question. This court may not substitute its judgment for that of the Board of Tax Appeals on factual issues. *Libby-Owens-Ford, supra,* at 10. The function of this court is instead limited to a determination as to whether the board's decision is unlawful or unreasonable. R.C. 5717.04. We find that the substantial evidence presented by appellee supports the board's decision to exempt these items as patterns.

Appellant's position as to those items exempted as jigs ignores certain basic mechanics in manufacturing processes, placing undue emphasis on form over function. For example, in some machining operations the product is held by a device and the cutting or grinding tool is moved into contact with it. Appellant contends that the definition of "jig" is limited to this concept. However, in other like processes, devices hold the product during testing and inspection exercises, and grip and/or position cutting tools rather than the product while it is being machined or ground. These implements retain their holding and positioning function in the manufacturing process despite adjustments in the form of a given jig.

The board adopted an expanded approach to the definition of a "jig." The board defined "jigs" in this manner: "Jigs are devices which perform a holding and positioning function during machining or processing operations." The fact that those items exempted as "jigs" by the board hold machining tools or the product as it is tested, rather than the part as it is machined or ground, does not automatically eliminate those items from the R.C. 5701.03 exemption. Case law stresses that the function of a holding device is paramount in determining its character rather than a vintaged dictionary definition. *General Motors, supra.* We agree that the definition applied by the board is within the contemplation of R.C. 5701.03.

As with those items considered "patterns," whether a particular device falls within the above definition of a "jig" is a factual determination to be made by the board. *Libby-Owens-Ford, supra.* An examination of the record reveals substantial evidence to support the board's decision to allow the exemption.

Appellant also maintains that some items have been erroneously considered dies and, thus, exempted from personal property taxes. A flexible definition of dies has been utilized by the courts. "* * * [W]here a machine's sole purpose and use is to imprint or impress specifically designed irregularities in the surface of one or more of its parts upon material placed in the machine, those parts which have such specially designed surfaces are dies within the meaning of Section 5701.03, Revised Code. * * *" *American Book, supra,* at 53. As defined by the Board of Tax Appeals, "dies * * * [are devices which], through applied force, impose their shape upon the object under production." Both definitions stress function rather than form and allow for advances in technology and engineering processes.

There is evidence to support the board's finding that the items ex-

empted here comport with the foregoing definitions. *Libby-Owens-Ford, supra.* Appellant has failed to present any evidence to refute appellee's position with respect to the function of these particular devices.

Present state of the art engineering techniques have resulted in the development of advanced machines and devices. Such implements as modern patterns, jigs and dies have become more sophisticated and do not necessarily resemble, in form, their antiquated counterparts. However, the essential function of these devices has not changed. To apply rigid, standard dictionary definitions when examining a particular item would ignore all advancements in manufacturing. More flexible definitions, with emphasis on function and use rather than physical form, must be adopted. The Board of Tax Appeals has applied such definitions in the present case.

Accordingly we affirm the decision of the board.

*Decision affirmed.*

CELEBREZZE, C.J., SWEENEY, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

FORD, J., of the Eleventh Appellate District, sitting for LOCHER, J.