MANFREDI MOTOR TRANSIT COMPANY, APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Manfredi Motor Transit Co. *v.* Limbach (1990), 51 Ohio St. 3d 155.]

(No. 89-850—Submitted March 29, 1990—Decided May 30, 1990.)

156

*Thompson, Hine & Flory, Stephen L. Buescher* and *Kent L. Mann,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Farrin,* for appellee.

*Per Curiam.* Our remand to the BTA instructed it to reconsider the primary and principal use of the items under consideration. *Manfredi Motor Transit Co., supra,* at 77-78, 518 N.E. 2d at 941. Upon reconsideration, the BTA found that appellant was a regulated public utility; that appellant was engaged in providing a public utility service as stipulated; that the items in question were used interchangeably in providing common carrier hauling and contract hauling and were essential to each type of activity; and that, as to the issue of whether the items were used primarily and principally in the rendition of a public utility service, the non-excepted use predominated over the excepted use.

Appellant contends that its services were excepted from sales and use taxes by reason of the qualitative analysis of its services. We disagree and affirm the BTA.

As we stated in *Manfredi Motor Transit Co., supra,* at 74, 518 N.E. 2d at 938, R.C. 5739.01(E)(2) provides an exception from sales tax for items purchased and used or consumed "directly in the rendition of a public utility service" and that R.C. 5739.01(Q) (now [P]) provided:

" 'Used directly in the rendition of a public utility service' means that property which is to be incorporated into and will become a part of the consumer's * * * transportation * * * system * * *."[1]

We have considered this exception on a number of occasions. In *Midwest Haulers, Inc.* v. *Glander* (1948), 150 Ohio St. 402, 38 O.O. 261, 83 N.E. 2d 53, we excepted from sales tax items used or consumed in the rendition of common carrier activities, but upheld the Tax Commissioner's assessment as regarded contract carrier activities. Moreover, we held that "authorization to act as a common carrier" did not entitle the taxpayer to exception but that its actual operations controlled. *Id.* at 406, 38 O.O. at 263, 83 N.E. 2d at 55.

In *A.J. Weigand, Inc.* v. *Bowers* (1960), 171 Ohio St. 78, 12 O.O. 2d 90, 167 N.E. 2d 772, the items under review were used, as here, interchangeably in the rendition of common carrier and contract carrier activities. The taxpayer derived more revenue from contract carrier activities than from common carrier activities and operated a greater number of miles as a contract carrier than as a common carrier. Thus, we determined that the principal and primary use of the items in question was in the taxpayer's operation as a contract carrier, a non-excepted use subject to taxation.

*Ace Steel Baling Co.* v. *Porterfield* (1969), 19 Ohio St. 2d 137, 48 O.O. 2d 169, 249 N.E. 2d 892, held that the primary use of property was not determined solely from a measure of the

---

[1] A concomitant use tax exception is provided by R.C. 5741.02(C)(2).

relative time used but also from the value of its contribution to the product which is processed. At 140-141, 48 O.O. 2d at 171, 249 N.E. 2d at 895, we held that the primary use was not merely the quotient of the time of use but that it connotes primacy in utility or essentiality in quality as well as quantity.

Appellant made no attempt to offer additional evidence to the BTA to establish the qualitative value of its interchangeable services. The BTA found that the tractor trailers were essential to rendering a public utility service and to contract hauling activities and provided the same utility and function for both the public utility services, which were common carrier activities, and those which were contract carrier activities, and that the non-excepted use predominated over the excepted use.

This court will not disturb a BTA decision unless it appears that such decision is unreasonable or unlawful. We find that the decision of the BTA was based upon the evidence of record, was neither unreasonable nor unlawful, and it is hereby affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.