Williams, J.
 

 This inquiry relates to the extent to which an optometrist, who in his practice furnishes eyeglasses or other optical accessories to his patients, is liable for the payment of a tax under the sales tax law (Section 5546-1
 
 et seq.,
 
 General Code). The fundamental provision fixing the sales tax is found in Section 5546-2, General Code. By its terms no tax is imposed where the price of the article sold is less than nine cents; otherwise a tax is imposed as follows:
 

 ‘ ‘ One cent, if the price is forty cents or less;
 

 “Two cents, if-the price is more than forty cents and not more than seventy cents;
 

 “Three cents, if the price is more than seventy cents and not more than one dollar;
 

 “If thé price is in excess of one dollar, three cents on each full dollar thereof * * *.”
 

 The section then provides similar bracket rates where the price -is in excess of one dollar.
 

 It is from other provisions of the sales tax law that the authority to assess a retail vendor is derived and those will be referred to later.
 

 Two questions are raised: (1) Did the appellant make any taxable sales? (2) If so, to what extent may an assessment be levied against him for such sales?
 

 With respect to the first question, counsel for appellant state their position thus:
 
 1 ‘
 
 One practicing optometry, and incidentally furnishing tangible personal property such as lenses and frames is not subject to the Ohio sales tax, since the transfer of lenses' and frames, under such circumstances, is not a taxable sale.”
 

 The term “sale” is defined in Section 5546-1, General Code, in these words:
 

 
 *486
 
 “ ‘Sale’ and ‘selling’ include all transactions whereby title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is granted, for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange or barter, and by any means whatsoever * * *.”
 

 The sale of complete eyeglasses or lenses alone by an optician is unquestionably a sale within the meaning of the statute and this assertion is true even where the optician has ground the lenses according to a prescription received from one practicing optometry. The work of grinding lenses and of adjusting frames and fitting them to the face is not professional in character. All such work may be done by an optician. Though optometry is a limited statutory profession, the only professional service that the optometrist performs is “the application of optical principles, through technical methods and devices in the examination of human eyes for the purpose of ascertaining departures from the normal measuring their functional powers and adapting optical accessories for the aid thereof.” Section 1295-21, General Code.
 

 In other words those services which are incidental to preparing a prescription are the only professional services the optometrist performs in furnishing his patient with eyeglasses, mere lenses or other optical accessories.
 
 Rowe
 
 v.
 
 Standard Drug Co.,
 
 132 Ohio St., 629, 9 N. E. (2d), 609;
 
 State, ex rel. Bricker, Atty. Genl.,
 
 v.
 
 Buhl Optical Co.,
 
 131 Ohio St., 217, 2 N. E. (2d), 601;
 
 City of Springfield
 
 v.
 
 Hurst,
 
 144 Ohio St., 49. The furnishing of optical accessories by an optometrist to his patient for a consideration is not a professional act and is a sale as defined by statute.
 

 Counsel for appellant in their brief assert that an
 
 *487
 
 optometrist “is in no sense a vendor of personal property, any more than a doctor, a dentist, or an attorney at law, for that matter, when the latter supplies deed forms, or bankruptcy blanks to a client in performing a professional service.”
 

 That assertion goes further than to advance the mere idea that no sales of optical accessories were made by the appellant, but is the culmination of an argument of counsel for appellant to the effect that the sales, if the acts of the optometrist in furnishing materials for a consideration are such, are inconsequential elements that blend into the professional services rendered and become essentially a part of them. This is grounded upon certain statutes that must now be considered.
 

 Section 5546-2 provides, among other things, that “it shall be presumed that all sales made in this state are subject to the tax hereby levied until the contrary is established.” Under this same section every sale by an optometrist would be taxable, unless the price is under nine cents or unless the sale comes within some statutory exception enumerated therein. Among such enumerated exceptions are (subparagraph 9) “professional, insurance or personal service transactions which involve sales as inconsequential elements, for which no separate charges are made.” Counsel for appellant maintain that appellant’s transactions came within this exception, and so were not subject to the sales tax, but do not claim that any of the other exceptions have any possible bearing. There is no doubt that the transactions had a professional aspect in one of the phases and involved sales only for which no separate charges were made. The proportion which the cost of materials bore to the total charge (about one to three) does not indicate that sales were an inconsequential element. Nor were the sales merely inciden
 
 *488
 
 tal to professional services. In a transaction of that kind, sales and services are distinct. The vendee may get his prescription from an optometrist and his spectacles, with lenses ground according to the prescription, from an optician. When the individual vendee gets both from an optometrist, in the same transaction, their distinct character persists and the furnishing or sale of each is a consequential element.
 

 Furnishing optical accessories for a consideration by the optometrist upon his own prescription is a professional transaction, only insofar as the prescription is concerned and therefore can never become professional to such an extent as to involve sales as inconsequential elements.
 

 Supplying dentures and furnishing medicine, by the dentist and physician, respectively, are essentially in a different category. Therefore, cases holding that dentists and physicians are not, in supplying such articles, engaged in making sales, are inapposite here. But whether the furnishing of materials by dentists and physicians is ever subject to the sales tax is not here decided.
 

 It cannot well be said that the sales herein, when considered in every aspect, bore such a relation to the transactions as a whole as to constitute an element inconsequential in character. The sales were not within the exception, but were a consequential element and are taxable.
 

 With respect to the second question, counsel for appellant state their position thus:
 

 “Even if the supplying of lenses and frames by an optometrist, the cost of which is an element in his complete charge, constitutes-a ‘sale,’ as' a consequential element of the transaction, nevertheless a sales" tax levy against such individual should be limited to the cost of materials involved and should not be based on
 
 *489
 
 the optometrist’s total charge, which includes his professional fee.”
 

 The Tax' Commissioner based the levy of the assessment on Section 5546-9a, General Code, and the Board of Tax Appeals in affirming the action of the Tax Commissioner used this language: “In this state the tax is levied upon retail sales and not upon the business of selling.” Apparently the board treated the assessment as properly levied under that section. It is true it is provided therein that the retail vendor is liable for the amount of the tax he failed to colled and that the commissioner has power to make an assessment based upon any information within his possession. No doubt his action was justified under those provisions, provided there was evidence of specific' sales which answers the requirements of the rule laid down in
 
 State, ex rel. Foster,
 
 v.
 
 Evatt, Tax Commr.,
 
 144 Ohio St., 65, 56 N. E. (2d), 265. In that case the sales in controversy took place in the year 1935.
 

 Section 5546-12a, General Code, which was not then in force, provides among other things as follows:
 

 “* * * beginning "January 1, 1937, there is hereby levied upon the privilege of engaging in the business of making retail sales, an excise tax of three per centum of the receipts derived from all such retail sales, excepting those to which the excise tax imposed by Section 5546-2 of the General Code is made inapplicable by subparagraphs 1 to 12, inclusive, of said section. The tax imposed by this section shall be determined by deducting from the sum representing three per centum of the receipts from 'such retail sales the amount of tax paid to the state by means of cancelling prepaid tax receipts in accordance with the provisions of Section 5546-3 of the General Code.”
 

 Section 5546-3 in substance provides for the col
 
 *490
 
 lection of tlie tax from the consumer by the retailer through the giving of prepaid sales tax receipts.
 

 The rule as to specific sales has no application to Section 5546-12a. So if the assessment was properly made under that section, no heed need be given to proof or lack of proof of specific sales. It is not a question as to what statute the Tax Commissioner and Board of Tax Appeals deemed the source of their power. It is rather a question as to whether they had the power.
 

 Section 5546-12« is a supplemental statute and affords a means of inducing the collection of the sales tax from the consumer by means of prepaid sales tax receipts.
 
 Winslow-Spacarb, Inc.,
 
 v.
 
 Evatt, Tax Commr., ante,
 
 471;
 
 Obert
 
 v.
 
 Evatt, Tax Commr., post,
 
 492. That section provides for the levy of an excise tax of three per centum of the receipts from retail sales, less the deduction provided for, if any. As applied to this case the term “receipts,” by provision of Section 5546-1, “means the total amount of the prices of the sales” by the appellant. Price is defined in the same section thus:
 

 “ ‘Price’ means the aggregate value in money of any thing or things paid or delivered, or promised to be paid or delivered by a consumer to a vendor in the consummation and complete performance 'of a retail sale, without any deduction therefrom on account of the cost of the property sold, cost of materials used, labor or service cost, interest or discount paid, or allowed after the sale is consummated, or any other expense whatsoever. ‘Price’ shall not include the consideration received for labor or services used in installing, applying, remodeling or repairing the property sold if the consideration for such services is separately stated from the consideration received for the tan
 
 *491
 
 gible personal property transferred in the retail sale # * * J j
 

 Under these various provisions the optometrist may sell eyeglasses at a fixed price and collect the sales tax on that price, excluding from consideration the charge for professional services, for such does not bear a tax. But when the consideration for the eyeglasses sold is not separately stated from the consideration received for both eyeglasses and professional services, the price would be the consideration received for both. Nor could the cost of the material to the vendor be deemed the price of the spectacles. By charging and collecting as for professional services, without fixing a price for the eyeglasses or accessories separately, the appellant rendered himself liable to an assessment of 3 per cent on the “receipts” subject to proper deductions, if any. As no taxes were collected or paid to the state through prepaid tax receipts, and no nontaxable sales, under the subparagraphs of Section 5546-2, could take place, there were no proper deductions.
 

 For the reasons given the assessment made against the appellant amounting to a full 3 per cent of his total receipts was neither unreasonable nor unlawful.
 

 Decision affirmed.
 

 Zimmerman, Bell, Turner and Matthias, JJ., concur.
 

 Weygandt, C. J., dissents.
 

 Hart, J., not participating.