Matthias, J.
 

 The sole question presented is whether the Board of Tax Appeals acted unreasonably or unlawfully in affirming the decision of the Tax Commissioner that, the furnishing of shoe skates by the appellant to its customers in the manner stated was a “sale” within the meaning of Section 5546-1, General Code. That section provides in part as follows:
 

 “ ‘Sale’ and ‘selling’ include all transactions whereby title or possession, or both, of tangible personal property, Js or is to be transferred, or a license to use or consume tangible personal property is granted, for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange or barter, and by any means whatsoever; * *
 

 The contention of the appellant is that the 25-cent charge is a charge only for the service required in the cleaning, disinfecting and keeping in repair the socks and shoe skates essential to keep them in proper condition for renting and use by the appellant’s patrons.
 

 Appellant contends that the charge made is therefore only a service charge, which, under the provisions of Section 5546-2, General Code, is exempted from tax. Section 5546-2, General ’Code, reads in part as follows:
 

 
 *297
 
 “The tax hereby levied does not apply to the following sales:
 

 # * * # #
 

 “9. Professional, insurance or personal service transactions which involve sales as inconsequential elements, for which no separate charges are made.” It is to be borne in mind, however, that this controversy does not involve any charge made for any service upon or repairs of the skates or other property of the customers of the appellant. The shoe skates and woolen socks, for the use of which the rental charge is fixed and collected, are the'sole property of the appellant. The service performed, whatever it may be, is upon the appellant’s own property and is essential to keep his property in condition for the purpose intended and to have it ready to deliver into the possession of customers desiring the same for their use for a fixed period, the customer paying therefor in advance a stated rental charge. There is in no sense a personal service rendered to, for or upon another person or the property of another person.
 

 The transaction here involved clearly comes within the provisions of Section 5546-1, General Code, for there is a transfer of possession of tangible personal property and a license to use or consume such property which is granted for a consideration. The provisions of Section 5546-2, General Code, are applicable. That section reads in part as follows:
 

 “* * * it shall be presumed that all sales made in this state are subject to the tax hereby levied until the contrary is established.”
 

 The appellant has failed to bring the transaction involved in this proceeding within any exception which would serve to exempt the transaction from the requirements of the provisions of Section 5546-1, General Code.
 

 
 *298
 
 A discussion of the transactions involved in the towel and linen supply industry would serve no useful purpose, particularly since, subsequent to the decision of this court in
 
 Pioneer Linen Supply Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 146 Ohio St., 248, 65 N. E. (2d), 711, holding adversely to the exemption of that service from the sales tax, Section 5546-1, General Code, was amended so as to provide that:
 

 “* * * towel and linen service or supply * * * shall not be deemed a ‘rental’ * * * but shall be deemed personal service transactions.”
 

 Although rather trite, it seems proper to repeat the admonition that the function .of courts is to construe, interpret and apply the law, and to refrain from usurping legislative functions.
 

 The decision of the Board of Tax Appeals is neither unreasonable nor unlawful and is, therefore, affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Turner, Hart, Zimmerman, Sohngbn and Stewart, JJ., concur.