AMERICAN DISTRICT TELEGRAPH CO. ET AL., APPELLEES AND
CROSS-APPELLANTS, *v.* PORTERFIELD, TAX COMMR.,
APPELLANT AND CROSS-APPELLEE.
MORSE SIGNAL DEVICES, INC., APPELLEE AND CROSS-
APPELLANT, *v.* DONAHUE, TAX COMMR., APPELLANT
AND CROSS-APPELLEE.

[Cite as American District Telegraph Co. v. Porterfield,
15 Ohio St. 2d 92.]

(Nos. 41402 and 41403—Decided June 26, 1968.)

*Messrs. Burke, Haber & Berick, Mr. Marvin S. Zelman, Mr. Bruce J. Bettigole, Messrs. Weston, Hurd, Fallon, Sullivan & Paisley, Mr. G. David Bluhm, Mr. Thomas F. Sexton, Messrs. Kahn, Kleinman, Yanowitz & Annan, Mr. Bennet Kleinman* and *Mr. Robert G. Markey,* for appellees and cross-appellants.

*Mr. William B. Saxbe,* attorney general, and *Mr. Jon A. Ziegler,* for appellant and cross-appellee.

*Per Curiam.* The pertinent part of Section 5739.01(B), Revised Code, provides:

" 'Sale' and 'selling' include all transactions by which * * * possession * * * of tangible personal property, is or is to be transferred * * * 'sale' and 'selling' do not include * * * personal service transactions which involve the transfer of tangible personal property as an inconsequential element, for which no separate charges are made."

The Tax Commissioner contends that the central station contracts of the taxpayers do not fall within the personal service exception to "sales" because they are not personal service transactions, and because the tangible personal property is not an inconsequential element of such transactions.

We do not think the finding by the Board of Tax Appeals that the central station contracts are personal service transactions, and therefore excepted from sales taxes under Section 5739.01(B), Revised Code, is either unlawful or unreasonable.

These cases are unlike *Pla Mor, Inc.,* v. *Glander,* 149 Ohio St. 295, or *Randall Park Jockey Club, Inc.,* v. *Peck,* 162 Ohio St. 245, where the tangible items transferred actually performed the desired service. Here, the tangible equipment is useless by itself. The subscribers of ADT and Morse seek protection of their property, and that comes only, under the central station contracts, when those

companies contact the local authorities and send out their own guards. The equipment installed upon the premises of subscribers may reasonably be viewed as only an aid in the rendering of protection service.

Further, the tangible property installed by ADT and Morse may well be considered inconsequential, both economically and functionally, with respect to central station contracts. Economically, the charge for the service is considerably larger than the value of the property. Functionally, the way in which ADT and Morse receive information of an abnormal situation at subscribers' premises is inconsequential to the service they perform. What matters is that they get the information, not how the information is acquired.

Both ADT and Morse have brought cross-appeals. They contend that their local and direct connect alarm transactions do not involve a transfer of possession of property, and therefore do not come within the definition of "sale" in Section 5739.01(B), Revised Code. We find this contention to be without merit. Both ADT and Morse give each subscriber custody of property for the subscriber's use in guarding its premises, and this type of custody falls within the general definition of possession. Black's Law Dictionary (4 Ed.), 1325.

The cross-appellants argue that *Federal Sign & Signal Corp.* v. *Bowers,* 172 Ohio St. 161, supports their position. We think that case did not turn upon the inherent limits of the word, "possession," as used in Section 5739.-01(B), Revised Code, but rather upon the applicability or nonapplicability of a then existing rule excluding taxability in a case involving outdoor advertising signs. In view of the appellant's position, taken upon brief and argument, that taxability or nontaxability in this situation turns only upon the word, "possession" as that term is used in the statute, and in view of appellants' failure to point to an existing rule which has applicability to this fact situation, the case cited is not useful.

ADT raises an additional question in its appeal. It

contends that the board erred in refusing to admit evidence which was directed to showing that certain transactions fell within a tax exemption. All this excluded evidence was in the form of affidavits, and the board stated that it was excluded because there was no opportunity for cross-examination. We find nothing unreasonable or unlawful in the board's application of the hearsay rule. 2 American Jurisprudence 2d 185, Administrative Law, Section 379.

In conformity with the foregoing opinion, this court is of the view that the decisions of the Board of Tax Appeals are neither unreasonable nor unlawful.

*Decisions affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.

TAFT, C. J., dissenting in part. I concur in what is said in the majority opinion with respect to the Central Station contracts being excepted from sales tax.

However, I dissent from that portion of the judgment holding taxable local alarm and direct connect systems. In my opinion, *Federal Sign & Signal Corp.* v. *Bowers, Tax Commr.*, 172 Ohio St. 161, requires the conclusion that there was no transfer of possession within the meaning of Section 5739.01(B).