MACHINERY MOVING, INC., D. B. A. TRASHTAINER SYSTEMS, APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE.

[Cite as Machinery Moving v. Porterfield (1971), 26 Ohio St. 2d 99.]

(No. 70-151—Decided April 28, 1971.)

*Mr. Bernard S. Goldfarb,* for appellant.

*Mr. Paul W. Brown,* attorney general, *Mr. George W. Hauswirth* and *Mr. C. Luther Heckman,* for appellee.

MANOS, J. The question is whether the transfers of containers and bins by Trashtainer to its customers constitute sales of tangible personal property, taxable under R. C. 5739.02, or whether the transfers are personal service transactions which constitute an inconsequential element for which no separate charges are made, and exempt from taxation.

R. C. 5739.01(B) provides:

" 'Sale' and 'selling' include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred. * * * Other than as provided in this section, *'sale' and 'selling' do not include * * * personal service transactions which involve the transfer of tangible personal property as an inconsequential element, for which no separate charges are made.''* (Emphasis added.)

We do not agree with the conclusion of the Board of Tax Appeals that the transactions involved herein are taxable as transfers of tangible personal property, and not exempted by R. C. 5739.01(B).

In the controlling case of *American District Telegraph Co.* v. *Porterfield* (1968), 15 Ohio St. 2d 92, this court affirmed the decision of the Board of Tax Appeals, which held that the signal alarm devices, transferred under central station contracts, are personal service transactions. The court said:

"These cases are unlike *Pla Mor, Inc.,* v. *Glander,* 149 Ohio St. 295, or *Randall Park Jockey Club, Inc.,* v. *Peck,* 162 Ohio St. 245, where the tangible items transferred actually performed the desired service. Here, the tangible equipment is useless by itself. * * *

"Further, the tangible property installed by ADT and Morse may well be considered inconsequential, both economically and functionally * * *." 15 Ohio St. 2d at 94-95.

The bins and containers involved herein are used solely to aid the process of refuse disposal and require manpower for performance of the service. In *Bunker-Ramo Corp.* v. *Porterfield* (1970), 21 Ohio St. 2d 231, this court held that the rental of electronic equipment, known as "quote boards," is a taxable transaction under R. C. 5739.01(B) for the reason that no personnel were involved in *directly* performing a service. That case is distinguishable from this case, in which the service could not be performed without the manpower needed to directly operate the trucks in conjunction with the bins and containers. Here, the devices used are simply aids in the rendition of a personal service, and are therefore functionally inconsequential to the total service performed by Trashtainer.

Further, the record in this case establishes that these devices are economically an inconsequential element of the transactions. The cost of the devices is insignificant as compared with the other costs involved in performing the service. It is uncontradicted that less than one percent of Trashtainer's operational expense involves the maintenance of the bins and containers. Additionally, the devices remain the exclusive property of the appellant, for the use of which its customers are never charged.

We conclude that, in this case, the transfers of bins and containers are personal service transactions exempt from taxation under the last sentence of R. C. 5739.01(B) because the transactions involve only the transfer of tangible personal property as an inconsequential element, for which no charges are made. We find the decision of the Board of Tax Appeals to be unreasonable and unlawful.

*Decision reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.

MANOS, J., of the Eighth Appellate District, sitting for DUNCAN, J.