COLUMBUS COATED FABRICS DIVISION, THE BORDEN CHEMICAL
COMPANY, BORDEN, INC., APPELLANT, *v.* PORTERFIELD, TAX
COMMR., APPELLEE.

[Cite as Columbus Coated Fabrics v. Porterfield (1972),
30 Ohio St. 2d 307.]

(No. 71-806—Decided June 28, 1972.)

308

*Messrs. George, Greek, King, McMahon & McConnaughey* and *Mr. Kiehner Johnson,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Peter Stratigos,* for appellee.

STERN, J. Appellant contends that the acquisition of the contested designs constitutes a ''personal service transaction and involves only the transfer of tangible personal property as an inconsequential element for which no separate charges are made'' (R. C. 5739.01[B]) ; that there-

fore such acquisition is excepted from sales and use taxes pursuant to R. C. 5739.01(B) and 5741.02(C) (2).

A sale cannot qualify for an exception from the use tax unless it involves "tangible personal property, the acquisition of which, if made in Ohio, would be a sale not subject to the tax imposed by Sections 5739.01 to 5739.31, inclusive, of the Revised Code" (R. C. 5741.02[C][2]). We therefore focus our attention on that portion of R. C. 5739.-01(B) which provides an exception from taxation for personal service transactions.

This court, in *Recording Devices* v. *Porterfield* (1972), 30 Ohio St. 2d 208, defined personal service as "an act done personally by a particular individual; it is, in effect, an economic service involving either the intellectual or manual personal effort of an individual, *not the saleable product of his skill.*" (Emphasis added.) It is within this framework that the instant case must be viewed.

The designs in issue here were selected by appellant from various design studios and represent the artistic efforts of individual artists or designers. The designs are not specifically created for appellant's use. Each is reworked for quantity production. The designs are not the result of a special request of appellant; they are not made to fit a particular need of appellant; and they presumably have significant intrinsic value other than for the purpose for which appellant purchases them. Such facts do not lend themselves to the conclusion that their acquisition represents personal service transactions.

Appellant places great weight upon two arguments— that the purchased design is the product of an arist's talent and skill, and that the value of the design is determined by its quality and merit and not by the inconsequential cost of the paper and paint used to convey the design. However, those facts, alone, do not qualify the sale as a personal service transaction, for "there is no article, fabricated by a machine or fashioned by human hand, that is not the fruit of the exercise and application of individual ability and skill. And few, indeed, are the instances where the

greater part of the cost thereof is not chargeable to personal service directly or remotely applied. * * * '' *Voss* v. *Gray* (1941), 70 N. D. 727, 734, 298 N. W. 1.

Appellant relies upon *Machinery Moving* v. *Porterfield* (1971), 26 Ohio St. 2d 99, and *American District Telegraph Co.* v. *Porterfield* (1968), 15 Ohio St. 2d 92. Although it is true that in each of those cases this court found the tangible personal property involved to have been an inconsequential element of the transaction, neither case turned upon that issue alone. More importantly, each case involved a contract whereby the taxpayer was to receive a substantial manual personal effort of an individual. The emphasis on the manual personal service is made clear by the fact that in *ADT* the exception was not allowed in regard to the "service" contracts which did not involve the rendering of substantial manual personal effort other than the mere installation of the alarm signals.

The case at hand is more akin to *Recording Devices* v. *Bowers* (1963), 174 Ohio St. 518; *Bunker-Ramo* v. *Porterfield* (1970), 21 Ohio St. 2d 231; *Pla Mor, Inc.,* v. *Glander* (1948), 149 Ohio St. 295; *Randall Park Jockey Club* v. *Peck* (1954), 162 Ohio St. 245; and *Recording Devices* v. *Porterfield, supra* (30 Ohio St. 2d 208), in that the transaction involved the sale of an end product, the primary distinction being that in those cases the end product was the result of a mechanized service rather than an individual's skill. This, however, is a distinction without a difference, for it is the product of the service, not the service itself, that the taxpayer is interested in.

The fact that an arist's skill and professional knowledge go into the creation of a design does not mean that a subsequent sale of that design is an incident to a personal service transaction, regardless of the inconsequentiality of the tangible personal property.

Appellant relies upon *Washington Times-Herald* v. *District of Columbia* (1954), 213 F. 2d 23, which involved the sale of mats bearing impressions of current sequences of comic strips to newspapers, along with the intangible

right to reproduce one time the work of the artist. (That case is not directly in point, because here, the entire design is purchased, then reworked and modified to make it suitable for production in appellant's manufacturing process.) That court appears to have used as a guideline a tax regulation* promulgated by the District of Columbia commissioner specifically providing that a sale is deemed to be an inconsequential element of a service transaction if the price of the tangible personal property is less than ten percent of the cost of the service. Not only does Ohio not have such a guideline, but, as hereinbefore stated, inconsequentiality of the tangible personal property is not the determining factor.

Appellant's final contention that exceptions from taxation, unlike exemptions from taxation, are to be strictly construed against the state is not well taken. This court, in paragraph one of the syllabus in *Celina Mutual Ins. Co.* v. *Bowers* (1965), 5 Ohio St. 2d 12, held that:

"Statutes relating to the exemption or exception from sales or use taxes are to be strictly construed, and *one claiming such exemption or exception must affirmatively show his right thereto. (L. A. Wells Construction Co.* v. *Bowers, Tax Commr.*, 164 Ohio St. 357, followed.)" (Emphasis added.) See *Canton Malleable Iron Co.* v. *Porterfield* (1972), 30 Ohio St. 2d 163, and cases cited therein.

The paragraph of the syllabus in *Celina Mutual*, quoted above, in tandem with the presumptions contained in R. C. 5739.02 and 5741.02, that all sales and uses of tangible personal property in Ohio are presumed taxable until the contrary is established, conclusively places the burden upon the taxpayer to affirmatively show his right to either an exemption or an exception from taxation. Appellant has neither factually nor otherwise sustained this burden.

We hold, therefore, that sales and use taxes are to be assessed by the Tax Commissioner on purchases of artistic designs which represent the saleable product of individual

---

*D. C. Reg. Section 202(b).

artist's skill, where the purchaser is interested solely in the end product rather than the service rendered, and the design, which is suitable for uses other than those intended by the purchaser, is neither prepared at the request of, nor for a specific purchaser.

For the foregoing reasons, the decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is affirmed.

*Decision affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT and LEACH, JJ., concur.

CORRIGAN and BROWN, JJ., dissent.