KOCH, D. B. A. PACIFIC INTERNATIONAL, APPELLEE, *v.* KOSYDAR, TAX COMMR., APPELLANT.

[Cite as Koch v. Kosydar (1972), 32 Ohio St. 2d 74.]

(No. 72-333—Decided December 6, 1972.)

*Messrs. Young & Jones* and *Mr. Fred E. Jones,* for appellee.

*Mr. William J. Brown,* attorney general, *Mrs. Maryann B. Gall* and *Mr. Will Kuhlmann,* for appellant.

STERN, J. The Board of Tax Appeals, in reversing the assessment order of the Tax Commissioner, relied upon its interpretation of the syllabus in *Machinery Moving* v. *Porterfield* (1971), 26 Ohio St. 2d 99, which provides:

"The transfer of possession of bins and containers under refuse removal contracts is a personal service trans-

action, and involves only the transfer of tangible personal property as an inconsequential element, for which no charge is made, and such transfer is exempt from the sales tax under R. C. 5739.01(B)." *Machinery Moving* v. *Porterfield, supra,* is not controlling in the instant case.

It is not disputed that the cost of the equipment here involved is economically inconsequential when compared with the entire charge. However, economic inconsequentiality is not the sole determining factor. *Recording Devices* v. *Porterfield* (1972), 30 Ohio St. 2d 208, 211.

We look as well to the function of the equipment in regard to the overall service being provided. In *Machinery Moving*, the bins were inanimate objects. Both the bins and the subscribers involved there played only a minor role in the overall service transaction. A similar situation existed in *American District Telegraph Co.* v. *Porterfield* (1968), 15 Ohio St. 2d 92, which involved a central alarm system. In *ADT*, no function was performed by the subscribers and, although the alarm device did send a signal from the subscribers' premises, that function was insignificant when compared to the substantial service performed by those offering the service.

In *ADT*, this court held that the alarms, by themselves, were useless, since the subscribers had sought protection of their property, which, the court said "comes only * * * when those companies [ADT] contact local authorities and send out their own guards." The court stated further that "the equipment * * * may reasonably be viewed as only an aid in the rendering of protection service."

In this case, the "Little Watchman" was not just an aid; it was essential in solving the enuretic's problem.

Further, as was pointed out in *Columbus Coated Fabrics* v. *Porterfield* (1972), 30 Ohio St. 2d 307, 310, the emphasis in *ADT* was placed upon the substantial manual personal service provided by the persons rendering the service. The same is true in *Machinery Moving*, for in both cases the subscriber contracted to receive the substantial manual personal efforts of individuals. No such substantial personal effort exists herein.

Appellee also looks to the language of *ADT* and *Machinery Moving* to the effect that when the property is "useless" by itself it is functionally inconsequential. It must be noted, however, that "useless," as used in *ADT* and *Machinery Moving*, was a relative term used in comparing the function of the alarm device and trash bin to the overall service rendered.

Here, the function of the "Little Watchman" in providing a means of awakening both the enuretic and parent immediately upon the occurrence of an emission was substantial when compared to the sending of a signal (*ADT*) or the holding of trash (*Machinery Moving*). Further, the function performed by appellee herein (sending preconceived responses to reports), is insubstantial when compared to the function in *ADT* (sending notice of a burglary to the police and sending men to the subscribers' premises), and in *Machinery Moving* (picking up and hauling away refuse).

This case is more akin to *Bunker-Ramo Corp.* v. *Porterfield* (1970), 21 Ohio St. 2d 231, 237, in that the activities performed by *Bunker-Ramo* were practically a completely mechanized service. Although here, appellee does render a service in sending appropriate responses in answering the report cards received, that function is of slight mechanical significance.

In *Recording Devices* v. *Porterfield, supra* (30 Ohio St. 2d 208), we again denied a tax exemption where the bulk of the service rendered was accomplished by the equipment and the subscribers. In that case, we stated at page 213: " 'Personal service' means an act done personally by a particular individual; it is, in effect, an economic service involving either the intellectual or manual personal effort of an individual, not the saleable product of his skill."

An analysis of the foregoing cases indicates that the procedure for determining whether the transfer of possession of tangible personal property qualifies it for tax exemption as a personal service transaction under R. C. 5739.01(B) is, in addition to determining the economic inconsequentiality of the property, to determine whether the

overall effort exerted in rendering the service is substantially provided by (1) the persons rendering the service, (2) the property transferred, or (3) the subscribers. If the function can reasonably be said to be substantially performed by the persons providing the service, the exemption is available. To the contrary, if the overall effort is not substantially made by the persons rendering the service, a personal service transaction does not exist.

As previously noted, the personal property herein involved was economically inconsequential. We must then examine the function it and the parties involved played in the performance of the overall service offered.

Appellee contends that the "Little Watchman" is such an inconsequential element of the service offered subscribers that it would be possible to perform the service without its use; that, therefore, it must be functionally inconsequential. This assumes, without factual basis, that the information provided appellee by the subscribers could *reasonably* be assembled *sans* the "Little Watchman." We do not share this assumption. Further, we have no such factual situation before us, and even if we did, under these circumstances, the intellectual or manual personal effort provided by appellee would not have been increased one iota by eliminating the "Little Watchman" since the subscribers would still perform the bulk of the service.

It is true that the pre-development of the responses by appellee, and their correlation to the reports sent in by subscribers, represents the result of an intellectual personal effort. However, distribution of such responses requires no substantive intellectual or manual personal effort. Rather, it is in essence an installment plan whereby the subscriber purchases the saleable product of some person or person's skill. Accordingly, it does not represent a "personal service" as stated by the General Assembly in R. C. 5739.01(B).

Appellee contends further that since there was an alternative to the use of the "Little Watchman," it follows that it was functionally inconsequential. This reasoning, pursued to its logical end, would require this court to hold

that any time tangible personal property is replaceable by an individual, the function served by the property would be inconsequential. Such reasoning ignores the fact that most mechanical devices are designed to replace individuals, and therefore can be replaced by individuals. This argument has no merit, particularly when applied to this case, because it is unreasonable to assume that a parent would stay up each night for the entire period of time necessary and maintain such a vigil so as to *immediately* awaken the child at the beginning of each emission.

The real service provided by this plan is the solution of the child's bed wetting problem. In accomplishing this by means of the appellee's program, three functions occur. One, the enuretic and a responsible person must be awakened immediately upon the occurrence of each emission. Two, the responsible person must record the time and size of the emission and deliver the report to the appellee. Finally, upon receipt of the recorded information, the appellee responds with preconceived instructions to the subscriber.

It is evident that an essential function is performed by the equipment and the subscriber before appellee can even determine which predetermined response should be sent. Under such circumstances, the "Little Watchman" cannot reasonably be held to be functionally inconsequential.

Finding that a transfer of possession of tangible personal property has occurred, R. C. 5739.01, and that such property was not available for the personal service transaction exemption of R. C. 5739.01(B), we hold that the decision of the Board of Tax Appeals is unreasonable and unlawful and the same is hereby reversed.

*Decision reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, LEACH and BROWN, JJ., concur.