SPRAY WAX CAR WASH, INC., APPELLANT, *v.* COLLINS,
TAX COMMR., APPELLEE.

[Cite as Spray Wax Car Wash v. Collins
(1976), 46 Ohio St. 2d 164.]

(No. 75-1067—Decided May 5, 1976.)

*Messrs. Ross, Davis & Baran* and *Mr. Edward C. Baran,* for appellant.

*Mr. William J. Brown,* attorney general, and *Ms. J. Elaine Bialczak,* for appellee.

*Per Curiam.* The issue presented is whether the rustproofing of motor vehicles is a personal service transaction involving the transfer of personal property as an inconsequential element and, thus, excepted from sales tax under R. C. 5739.01(B).

R. C. 5739.01(B), in part, provides:

"Other than as provided in this section, 'sale' and 'selling' do not include professional, insurance, or personal service transactions which involve the transfer of tangible personal property as an inconsequential element, for which no separate charges are made."

In evaluating appellant's contention, this court must determine whether the transaction involves a consequential personal service; if not, the exception is not available and the entire transaction is taxable. *Accountant's Computer Services* v. *Kosydar* (1973), 35 Ohio St. 2d 120, 298 N. E. 2d 519; *Federated Department Stores* v. *Kosydar* (1976), 45 Ohio St. 2d 1, 340 N. E. 2d 840. As these cases point out, to accomplish this, the court must examine the real object sought by the buyer, *i. e.,* the service *per se* or the property produced by the service, and determine if it was the buyer's object to obtain an act done personally by an individual as an economic service involving either the intellectual or manual personal effort of an individual, or if it was the buyer's object to obtain only the saleable end product of some individual's skill.

From an examination of the record in the instant case,

it is our conclusion that the real object sought by appellant's customers was the rustproofing material, or sealant, which acts independently to prevent the formation of rust. Although there may be aspects of personal service involved in the drilling of holes and application of the material, such limited personal service is not consequential to the object sought.[1]

Appellant relies upon *Machinery Moving* v. *Porterfield* (1971), 26 Ohio St. 2d 99, 269 N. E. 2d 418; *American District Telegraph Co.* v. *Porterfield* (1968), 15 Ohio St. 2d 92, 238 N. E. 2d 782; and *Accountant's Computer Services, supra,* in which this court found taxpayers' transactions constituted personal services involving the transfer of personal property as an inconsequential element. However, the circumstances which prompted those decisions are significantly different than in the case before us.

In *American District Telegraph, supra,* the taxpayer provided an electronic detection system, and, in *Machinery Moving, supra,* engaged in the business of removing rubbish and refuse from industrial and commercial locations. Unlike the personal property transferred here (the rustproofing material), the central station alarms and trashbins given to taxpayer's customers in those cases were useless by themselves and were simply aids in the rendition of a personal service.[2] Therefore, a finding that the transfer of these items was inconsequential to the personal service was clearly warranted.

Additionally, the decisions in *Accountant's Computer*

---

[1] At the hearing before the Board of Tax Appeals, appellant's president testified that it is the sealant alone which protects a vehicle from rust.

[2] The central station alarms were installed on the subscriber's premises, but would send an emergency signal to a device located at the taxpayer's station. Taxpayer would then either contact the local police or fire department, or send out its own armed guards to the scene.

The trashbins were only aids in taxpayer's refuse removal service in which its employees or hydraulic lifts picked up the containers and then disposed of the rubbish. Responsibility for the maintenance and repair of the bins and containers remained with the taxpayer.

*Services* (case Nos. 72-660 and 72-860) that personal services existed involving the transfer of various printed matter as an inconsequential element were based on each company's extensive analyzation and interpretation of data relating to its client's business problems, factors which are not present in the case at bar.

R. C. 5739.01(H) provides an available alternative to a taxpayer's assertion that its transactions be excepted from sales tax by stating, in pertinent part:

" 'Price' means the aggregate value in money of anything paid or delivered, or promised to be paid or delivered, in the complete performance of a retail sale, without any deduction on account of the cost of the property sold, cost of materials used, labor or service cost, interest or discount paid or allowed after the sale is consummated, or any other expense. Price does not include the consideration received for labor or services used in installing or applying the property sold if the consideration for such services is separately stated from the consideration received or to be received for the tangible personal property transferred in the retail sale. Such separation must appear in the sales agreement or on the initial invoice or initial billing rendered by the vendor to the consumer."

As can be seen, the statute excepts the consideration for labor or services if separately stated from that of materials in the invoice or sales agreement, otherwise the entire transaction is subject to sales tax. See *Wilson* v. *Glander* (1949), 151 Ohio St. 479, 86 N. E. 2d 761; *Rose* v. *Glander* (1950), 153 Ohio St. 363, 91 N. E. 2d 685; *Cogen* v. *Glander* (1951), 156 Ohio St. 263, 102 N. E. 2d 1. Appellant did not separate such charges for labor and materials in the manner required by R. C. 5739.01(H) and, therefore, its entire transactions were subject to sales tax.

The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.

P. BROWN, J., dissents.