SERVI-CLEAN INDUSTRIES, INC., APPELLANT, *v.* COLLINS, TAX COMMR., APPELLEE.

(No. 76-1120—Decided May 11, 1977.)

*Messrs. Goldfarb & Reznick, Mr. Bernard S. Goldfarb* and *Mr. Bert Rigelhaupt,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Ronald B. Noga,* for appellee.

WILLIAM B. BROWN, J.  The main issue in the instant cause is whether the Board of Tax Appeals' determination

that appellant's supply of clean mops and mats to its customers is not excepted from sales taxes, pursuant to either the R. C. 5739.01(B) exception for personal service or the R. C. 5739.01(E)(4) exception for industrial cleaning or towel and linen service, is reasonable and lawful.

## I.

Appellant contends that "because the mops and mats are fungible goods," its transactions "come under the definition of 'industrial cleaning'" and are not subject to tax.

R. C. 5739.01(E) provides, in pertinent part:

"'[R]etail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:

"* * *

"(4) To use or consume the thing directly in industrial cleaning of tangible, personal property * * *."

R. C. 5739.01(R) defines "industrial cleaning" as follows:

"(R) 'Industrial cleaning' means the business or occupation of removing soil or dirt from articles of tangible personal property *belonging to others*." (Emphasis added.)

The Board of Tax Appeals found that appellant was not engaged in industrial cleaning because appellant "launders its *own* tangible personal property." (Emphasis added.) That finding is supported by the record.[1] We therefore find the board's denial of the industrial cleaning exception to be reasonable and lawful.

Appellant also maintains that its supply of clean mops and mats to customers should be held to fall within the R. C. 5739.01(E)(4) linen and towel service exception to the sales tax because the "same service is performed in both situations," and "only the product differs." Although appellant's contention that "only the product differs" may be well taken, it is precisely because the product differs that appellant's business is not excepted from sales taxes. R. C. 5739.01(E)(4) excepts those transactions in which

---

[1] The service manager testified that mops and mats are supplied to appellant's customers on a rental basis.

the purpose of the consumer is "* * * to use or consume the thing directly in cleaning of the tangible personal property used in the rendition of towel and linen service * * *."

The tangible personal property used in the rendition of a towel and linen service, or, in appellant's terms, the product of such a service, is towels and linens. Mops and mats are not towels and linens,[2] and they can be treated as such for sales tax purposes only by reading the R. C. 5739.01(E)(4) exception to include all products which undergo the same process of laundering and delivery as do the towels and linens supplied by towel and linen services. We cannot support such a broad construction of R. C. 5739.01(E)(4), in light of the established law in this state that tax exceptions must be strictly construed. *Canton Malleable Iron Co.* v. *Porterfield* (1972), 30 Ohio St. 2d 163, 166. We therefore find that the Board of Tax Ap-

---

[2]"Linen" is defined in Webster's Third New International Dictionary (unabridged), as follows:

"1a: cloth made of flax and noted for its strength, coolness and luster * * * b: thread or yarn spun from flax 2a: clothing (as shirts, underwear) or household articles (as sheets, tablecloths) made or orig. made of linen cloth and now usu. of other fabrics * * *."

That mops and mats are not equated with towels by the layman is revealed by the following interrogation of appellant's witness at the Board of Tax Appeals' hearing:

"Examiner Abrams: Now, you have stated that you have some familiarity with the other business that—excuse me—the other operations that the appellant is involved in. Am I to understand that you know in your own mind what a towel is?

"The Witness: Yes.

"Examiner Abrams: And do you know what a linen product is?

"The Witness: Yes.

"Examiner Abrams: Would you say that these mats or mop ends are towels, as you understand them?

"The Witness: Yes, sir.

"Examiner Abrams: Okay. Would you wipe your face with one of them?

"The Witness: No, I don't think so.

"Examiner Abrams: Would you dry your body with one of them?

"The Witness: No, sir."

peals reasonably and lawfully determined that "mops and floor mats do not fall within the exception" provided by R. C. 5739.01(E)(4).

## II.

Appellant also argues that its "cleaning, delivery, and pickup of dust mops and floor mats are personal service transactions," pursuant to R. C. 5739.01(B), because the "customer's objective is not to obtain the tangible personal property involved" and because that tangible personal property, the value of which "represents only a small percentage of the price charged for the service," is "an inconsequential element of the transaction."

R. C. 5739.01(B) provides, in pertinent part:

" 'Sale' and 'selling' include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is or is to be granted; * * * whether for price or rental * * *. Other than as provided in this section, 'sale' and 'selling' do not include professional, insurance, or personal service transactions which involve the transfer of tangible personal property as an inconsequential element, for which no separate charges are made."

The first step in determining whether the R. C. 5739.-01(B) exception to the sales tax should apply is to find that a sale of tangible personal property has occurred. *Accountant's Computer Services* v. *Kosydar* (1973), 35 Ohio St. 2d 120, 132. Testimony by the service manager of appellant's mop and mat rental division indicated that the mops and mats were rented to appellant's customers, who kept possession of them until it was necessary for them to be cleaned. Clearly, then, a sale of tangible personal property within the purview of R. C. 5739.01(B) took place.

The next step in determining whether the R. C. 5739.-01(B) personal service exception applies to appellant's mop and mat supply business is to "determine whether the transaction involves a consequential or inconsequential

professional, insurance, or personal service." *Accountant's, supra,* paragraph one of the syllabus. If the service is inconsequential, then the entire transaction is taxable. *Accountant's, supra,* paragraph one of the syllabus; *Spray Wax Car Wash* v. *Collins* (1976), 46 Ohio St. 2d 164.[3]

In the second paragraph of the syllabus of *Accountant's, supra,* this court set out the test for determining whether a consequential or inconsequential service has occurred, as follows:

"In determining whether a mixed transaction constitutes a consequential personal service transaction, a distinction must be made as to the *true object* of the transaction contract; that is, is the real object sought by the buyer the service *per se* or the property produced by the service."

Appellant argues that its mop and mat business should be excepted from sales taxes, pursuant to R. C. 5739.01(B), because the real reason its customers subscribe to its program "is not to receive a mop or mat," but "to receive Servi-Clean's services in removing, laundering, chemically treating and distributing the mops and mats." The Board of Tax Appeals determined, however, that "appellant's

---

[3] If service rendered is found to be consequential, then the court must next determine whether "the transfer of the tangible personal property was an inconsequential element of the transaction." If the transfer of property is inconsequential, then "none of the consideration paid is taxable." *Accountant's Computer Services, supra,* paragraph one of the syllabus.

The third paragraph of the syllabus of *Accountant's Computer Services, supra,* makes it clear that some mixed transactions involving the transfer of consequential tangible personal property will not be taxed on the combined value of both property and services. The syllabus provides:

"Where a transaction is mixed in such a manner that the tangible personal property transferred and the service rendered are distinct consequential elements having a fixed and ascertainable relationship between the value of the property and the value of the service rendered *so that both may be separately stated,* there exist two separate transactions, and the one attributable to the sale of the tangible personal property is subject to taxation under R. C. 5739.01(B) while the other is not." (Emphasis added.)

customers were interested in the tangible personal property," and that the "true object of the transactions was the acquisition by the appellant's customers, of clean floor mats and mops." We agree with that determination.

Whether a customer's true object is a service or property is a question of fact. *Accountant's, supra,* at page 130. This court traditionally does not substitute its judgment on factual issues for that of the Board of Tax Appeals, and we will not overrule a factual determination by the board unless the record reveals that the determination was unreasonable or unlawful. *Citizen's Financial Corp.* v. *Porterfield* (1971), 25 Ohio St. 2d 53, 57.

Appellant contracted to provide its customers with both property and a service. However, the property was the essential element in the contract. According to testimony elicited at the hearing, appellant's customers were primarily interested in keeping their buildings "clean and fresh looking." Had appellant failed to regularly launder and chemically treat its customers' mops and mats, the customers would have had to clean the mops and mats themselves; but, had appellant failed to provide the mops and mats at all, the customers would have been unable to clean their buildings. (Indeed one of appellant's witnesses testified before the board that he would suspend payment if appellant failed to deliver the mops and mats.) We find, therefore, that the record in the instant cause supports the board's determination that the true object sought by appellant's customers was the property rather than the service, and that the determination was reasonable and lawful.

Appellant also argues that the service provided in its mop and mat transactions cannot be performed by the property alone but requires the efforts of taxpayer's employees. This contention relies on the *reasoning* employed by this court to find a service in *Machinery Moving* v. *Porterfield* (1971), 26 Ohio St. 2d 99, and a sale in *Koch* v. *Kosydar* (1972), 32 Ohio St. 2d 74. *Machinery Moving* and *Koch* were decided before the promulgation of the real object test in *Accountant's Computer Services.*

In the *Machinery Moving* case, which this court held to involve a tax excepted service, the garbage pickup could have been accomplished with containers other than those actually supplied to the taxpayer's customers. On the other hand, in *Koch*, which involved a taxable sale, the taxpayer's customers would have been thwarted in their efforts to treat enuresis had the taxpayer failed to provide the machine. Appellant's customers, like those in the *Koch* case, would have been precluded from cleaning their buildings had they not been supplied with mops and mats. Therefore, the *Machinery Moving* and *Koch* cases do not support appellant's contention that its mop and mat supply service constitutes a R. C. 5739.01(B) tax-excepted service.

For the foregoing reasons the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, SWEENEY and LOCHER, JJ., concur.

PAUL W. BROWN, J., dissents. The order of the Board of Tax Appeals is both unreasonable and unlawful under this court's holding in *Machinery Moving* v. *Porterfield* (1971), 26 Ohio St. 2d 99.