ALBRIGHT ET AL., APPELLANTS, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Albright *v.* Limbach (1988), 37 Ohio St. 3d 275.]

(No. 87-77—Submitted April 19, 1988—Decided July 6, 1988.)

*Vorys, Sater, Seymour & Pease, Raymond D. Anderson* and *Matthew J. Barrett,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, *Mark A. Engel* and *Richard C. Farrin,* for appellee.

*Per Curiam.* R.C. 5739.02 imposes an excise tax upon each retail sale made in Ohio. R.C. 5739.01(E) defines "retail sale" as all sales except certain specified sales. R.C. 5739.01(B) defines "sale" and "selling" as:

"* * * All transactions by which title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is or is to be granted * * * for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange, and by any means whatsoever * * *. *Other than as provided in this section, 'sale' or 'selling' do not include professional, insurance, or personal service transactions which involve the transfer of tangible personal property as an inconsequential element for which no separate charges are made.*"[1] (Emphasis added.)

Justice Stern noted in *Accountant's Computer Services* v. *Kosydar* (1973), 35 Ohio St. 2d 120, 125-126, 64 O.O. 2d 72, 75, 298 N.E. 2d 519, 523, that the so-called personal service exception is misnamed because the charge excepted from the tax is the charge for the tangible personal property transferred as an inconsequential element of the service for which no

---

[1] The definition of "sale" was amended during the audit period. 139 Ohio Laws, Part II, 4016-4017 (Am. Sub. H.B. No. 694, effective November 15, 1981). This amendment does not affect this case.

separate charge is made, and not the charge for the professional, insurance, or personal service transaction. The tax is on the transfer of tangible personal property and not on the rendering of the professional, insurance, or personal service. Thus, it is not necessary to except this charge for service because it is not taxed in the first place.

In *Rice* v. *Evatt* (1945), 144 Ohio St. 483, 30 O.O. 129, 59 N.E. 2d 927, this court considered the personal service exception along with the definition of "price," which definition is similar to the definition of "price" contained in R.C. 5939.01(H) during the audit period herein. (See *infra.*) The *Rice* court held that an optometrist may sell eyeglasses at a fixed price and collect the sales tax on that price. He need not collect sales tax for professional service charges. When the charge for the eyewear, however, is not separately stated from the charge for the professional service, the "price" is the amount received for both because the property was a consequential element of the transaction. In *May Co.* v. *Lindley* (1982), 1 Ohio St. 3d 6, 9, 1 OBR 32, 34-35, 437 N.E. 2d 295, 297, we held, concerning service transactions, that "[t]he critical question is whether there was a clear separation of charges between labor and material."

The BTA overlooked this critical question and thereby erred. The tests stated in *Accountant's Computer Services* v. *Kosydar, supra,* are inapposite because that case involved charges that were not separately stated:

"The essential issue common to each of these three cases is the applicability of the exception from taxation provided by R.C. 5739.01(B) for items of tangible personal property which are transferred, as an inconsequential element *for which no separate charge is made,* in conjunction with a transaction which also involves some significant degree of contracted-for service." (Emphasis added.) *Id.* at 124, 64 O.O. 2d at 74-75, 298 N.E. 2d at 523.

In the instant case, the assessed charges were separately stated from the charge for the personal property; thus, the true object test is not indicated. Under R.C. 5739.01(B), professional, personal, or insurance services are not sales of tangible personal property and are not taxable if they are separately stated from the consideration paid for accompanying transfers of tangible personal property. The services may be taxed only when they accompany a transfer of property and the charge for them is not separately stated. The BTA erred in this case when it found that the assessed and personal property charges were indivisible, since appellants divided them and charged separately for them.

Furthermore, the BTA failed to determine whether personal or professional services were rendered by appellants. The board called these services "optometric services" and "services" "ancillary" to the true object of the sale. In our view, these services could be personal services, requiring consideration of paragraph one of the syllabus of *Koch* v. *Kosydar* (1972), 32 Ohio St. 2d 74, 61 O.O. 2d 329, 290 N.E. 2d 847.[2] Appellants or their technician personally fitted the individual patients. They measured patients for their eyewear and ordered it

---

[2] Paragraph one of the syllabus of *Koch* v. *Kosydar, supra,* states:

" 'Personal service,' as used in R.C. 5739.01(B), means an act done personally by an individual; it is, in effect, an economic service involving either the intellectual or manual personal effort of an individual, and is not the saleable product of his skill."

from the laboratory. They also "fine tuned" the eyewear when they adjusted it for the individual patients. If the assessed charges are for personal services, which the evidence suggests, they were separately stated from the charges for the eyewear and, therefore, are not taxable. In any event, *Rice* v. *Evatt, supra,* did not discuss personal services like those at issue here. The *Rice* court held that all charges are taxable, even professional charges, when they are not separately stated.

The assessed charges herein could also be viewed as professional services, given the evidence. This court has not yet defined "professional services" as they pertain to this exception; however, we observe that the General Assembly has defined a "professional service" in R.C. 1785.01(A) to mean "any type of professional service which may be performed only pursuant to a license, certificate, or other legal authorization [by] * * * certified public accountants, licensed public accountants, architects, attorneys, chiropractors, dentists, pharmacists, optometrists, physicians and surgeons, and practitioners of limited branches of medicine or surgery * * *, psychologists, professional engineers, and veterinarians."[3] Since we reverse this cause and remand it for reconsideration, this definition should be considered by the BTA.

Appellants also argue that the assessed charges are not taxable because they are separately stated "installation" or "application charges." "Price" was defined in R.C. 5739.01 (H):

" 'Price' * * * means the aggregate value in money of anything paid or delivered, or promised to be paid or delivered, in the complete performance of a retail sale, without any deduction on account of the cost of the property sold, cost of materials used, labor or service cost, interest or discount paid or allowed after the sale is consummated, or any other expense. *Price does not include the consideration received for labor or services used in installing or applying the property sold* * * *. Such separation must appear in the sales agreement or on the initial invoice or initial billing rendered by the vendor to the consumer. * * *"[4] (Emphasis added.)

The BTA found that appellants' fitting of eyewear is not contemplated by the words "installing" or "applying." We agree.

In *Youngstown Club* v. *Porterfield* (1970), 21 Ohio St. 2d 83, 50 O.O. 2d 198, 255 N.E. 2d 262, this court observed that, in construing statutes, it is customary to give words their plain, ordinary meaning unless the General Assembly has clearly expressed a contrary intent. R.C. 1.42 provides that words and phrases are to be read in context and construed according to rules of grammar and common usage. In *Youngstown Club,* this court held that the terms "installing" or "applying" were not customarily or ordinarily associated with the serving of food or drinks. We hold that "installing" and "applying" imply a more permanent installation or application than the simple adjustments of frames to a face or the placing of removable lenses on eyes. We do not agree with appellants that these words mean "to fit or dispense eyewear."

In summary, we reverse the BTA's decision and remand this cause for reconsideration. The assessed charges were separately stated. The BTA

---

[3] We do not suggest a definition for "insurance services," as this definition is not pertinent to this case.

[4] The amended definition of "price," effective November 15, 1981, does not affect this case. See fn. 1.

should determine if they were for personal or professional services. If they were, the assessed charges are not taxable. If they were not, the assessed charges may be taxable if they were a part of the "price" paid in the complete performance of the retail sale.

*Decision reversed and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and McCORMAC, JJ., concur.

DOUGLAS, J., concurs in judgment only.

JOHN W. McCORMAC, J., of the Tenth Appellate District, sitting for H. BROWN, J.

